# Exhibit A



# IN THE SUPERIOR COURT OF FULTON COUNTY, GEORGIA

### 136 PRYOR STREET, ROOM C-103, ATLANTA, GEORGIA 30303

## SUMMONS

Sonya Roberts

_____

**Plaintiff,**

vs.

Atlanta Metropolitan State College,
Lawetta HANNON University
System of Georgia

**Defendant**

) Case
) No.:  2020CV343859
)
)
)
)
)
)
)
)
)
)
)
)
)

TO THE ABOVE NAMED DEFENDANT(S): Atlanta Metropolitan State College

You are hereby summoned and required to file electronically with the Clerk of said Court at https://efilega.tylerhost.net/ofsweb and serve upon plaintiff's attorney, whose name and address is:

Christopher C. Roberts, Esq.
7 Glenwood Ave. Ste, 401
East Orange, New Jersey 07017

An answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service; unless proof of service of this complaint is not filed within five (5) business days of such service. Then time to answer shall not commence until such proof of service has been filed. **IF YOU FAIL TO DO SO, JUDGMENT BY DEFAULT WILL BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.**

This   12/21/2020   _____ day of _____, 20 _____

Honorable Cathelene "Tina" Robinson
Clerk of Superior Court
By_____
Deputy Clerk

To defendant upon whom this petition is served:
This copy of complaint and summons was served upon you _____, 20_____

_____
Deputy Sherriff

Instructions: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum is used



# IN THE SUPERIOR COURT OF FULTON COUNTY, GEORGIA

### 136 PRYOR STREET, ROOM C-103, ATLANTA, GEORGIA 30303

### SUMMONS

Sonja Roberts

               ) Case
) No.:_____
)
)
**Plaintiff,** )
)
**vs.** )
Atlanta Metropolitan State College, )
Lauretta Hannon, University )
System of Georgia   **Defendant** )
)
)
)

TO THE ABOVE NAMED DEFENDANT(S): University System of Georgia

You are hereby summoned and required to file electronically with the Clerk of said Court at https://efilega.tylerhost.net/ofsweb and serve upon plaintiff's attorney, whose name and address is:

Christopher C. Roberts, Esq.
7 Glenwood Ave. Ste. 401
East Orange, New Jersey 07017

An answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service; unless proof of service of this complaint is not filed within five (5) business days of such service. Then time to answer shall not commence until such proof of service has been filed. **IF YOU FAIL TO DO SO, JUDGMENT BY DEFAULT WILL BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.**

This _____ day of _____, 20 _____

                          Honorable Cathelene "Tina" Robinson
                          Clerk of Superior Court
                          By_____
                               Deputy Clerk

To defendant upon whom this petition is served:
This copy of complaint and summons was served upon you _____, 20_____

                                     Deputy Sherriff

Instructions: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum is used



# IN THE SUPERIOR COURT OF FULTON COUNTY, GEORGIA

### 136 PRYOR STREET, ROOM C-103, ATLANTA, GEORGIA 30303

## SUMMONS

_Sonja Roberts_

) Case
) No.:_____
)
)
)
**Plaintiff,**
)
**vs.**
)
_Atlanta Metropolitan State College,_
)
_Lauretta Hannon, University_
)
**Defendant**
)
_System of Georgia_
)
)
)
)
)

TO THE ABOVE NAMED DEFENDANT(S): _Lauretta Hannon_

You are hereby summoned and required to file electronically with the Clerk of said Court at
https://efilega.tylerhost.net/ofsweb and serve upon plaintiff's attorney, whose name and address is:

_Christopher C. Roberts, Esq._
_7 Glenwood Ave. Ste. 401_
_East Orange, New Jersey 07017_

An answer to the complaint which is herewith served upon you, within 30 days after service of this
summons upon you, exclusive of the day of service; unless proof of service of this complaint is not filed
within five (5) business days of such service. Then time to answer shall not commence until such proof
of service has been filed. **IF YOU FAIL TO DO SO, JUDGMENT BY DEFAULT WILL BE TAKEN AGAINST YOU
FOR THE RELIEF DEMANDED IN THE COMPLAINT.**

This _____ day of _____, 20 _____

Honorable Cathelene "Tina" Robinson
Clerk of Superior Court
By_____
Deputy Clerk

To defendant upon whom this petition is served:
This copy of complaint and summons was served upon you    _____, 20_____

_____
Deputy Sheriff

Instructions: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum is used

12/23/2020      Xfinity Connect Filing Accepted for Case_ 2020CV343859; Sonja RobertsVS_Atlanta Metropolitan State College,Lauretta Hannon,Univ...

Case 1:21-cv-00541-SDG    Document 1-1     Filed 02/05/21     Page 5 of 99

**efilingmail@tylerhost.net**                     12/23/2020 10:49 AM

# Filing Accepted for Case: 2020CV343859; Sonja RobertsVS.Atlanta Metropolitan State College,Lauretta Hannon,University System of Georgia; Envelope Number: 6693930

To chrisr1969@comcast.net



## Filing Accepted
Envelope Number: 6693930
Case Number: 2020CV343859
Case Style: Sonja Roberts
VS.
Atlanta Metropolitan State College,Lauretta Hannon,University System of Georgia

The filing below was reviewed and has been accepted by the clerk's office. You may access the file stamped copy of the document filed by clicking on the below link.

| Filing Details | |
|---|---|
| **Court** | Fulton - Superior Court |
| **Case Number** | 2020CV343859 |
| **Case Style** | Sonja Roberts<br>VS.<br>Atlanta Metropolitan State College,Lauretta Hannon,University System of Georgia |
| **Date/Time Submitted** | 12/21/2020 9:32 AM EST |
| **Date/Time Accepted** | 12/23/2020 10:48 AM EST |
| **Accepted Comments** | |
| **Filing Type** | SUMMONS |
| **Filing Description** | Summons |
| **Activity Requested** | EFile |
| **Filed By** | Christopher Roberts |
| **Filing Attorney** | Christopher Roberts |

| Document Details | |
|---|---|
| **Lead Document** | SRobertsDec142020Summons.PDF |
| **Lead Document Page Count** | 3 |
| **File Stamped Copy** | Download Document |
| This link is active for 45 days. | |

**Please Note:** If you have not already done so, be sure to add yourself as a service contact on this case in order to receive eService.

For technical assistance, contact your service provider

Odyssey File & Serve

Fulton County Superior Cour
***EFILED***TV
Date: 12/21/2020 9:32 AM
Cathelene Robinson, Clerk

## General Civil and Domestic Relations Case Filing Information Form

☒ **Superior** or ☐ **State Court of** Fulton _____ **County**

| For Clerk Use Only | | |
|---|---|---|
| **Date Filed** 12/21/2020 | **Case Number** | 2020CV343859 |
| **MM-DD-YYYY** | | |

**Plaintiff(s)**

| Roberts | Sonja | | | |
|---|---|---|---|---|
| Last | First | Middle I. | Suffix | Prefix |
| | | | | |
| Last | First | Middle I. | Suffix | Prefix |
| | | | | |
| Last | First | Middle I. | Suffix | Prefix |
| | | | | |
| Last | First | Middle I. | Suffix | Prefix |

**Defendant(s)**

| Atlanta | Metropolitan | State | College | |
|---|---|---|---|---|
| Last | First | Middle I. | Suffix | Prefix |
| Lauretta | Hannon | | | |
| Last | First | Middle I. | Suffix | Prefix |
| University | System of | Georgia | | |
| Last | First | Middle I. | Suffix | Prefix |
| | | | | |
| Last | First | Middle I. | Suffix | Prefix |

**Plaintiff's Attorney** Christopher C. Roberts    **State Bar Number** 973226    **Self-Represented** ☐

### Check one case type and one sub-type in the same box (if a sub-type applies):

**General Civil Cases**

- ☐ Automobile Tort
- ☐ Civil Appeal
- ☐ Contempt/Modification/Other Post-Judgment
- ☐ Contract
- ☐ Garnishment
- ☐ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☒ Other General Civil

**Domestic Relations Cases**

- ☐ Adoption
- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Dissolution/Divorce/Separate Maintenance/Alimony
- ☐ Family Violence Petition
- ☐ Modification
  - ☐ Custody/Parenting Time/Visitation
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

☐ Check if the action is related to another action pending or previously pending in this court involving some or all of the same: parties, subject matter, or factual issues. If so, provide a case number for each.

_____    _____
**Case Number**    **Case Number**

☒ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in OCGA § 9-11-7.1.

☐ Is a foreign language or sign-language interpreter needed in this case? If so, provide the language(s) required.

_____
**Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

Christopher C. Roberts (#00973226)
Attorney at Law
7 Glenwood Avenue, Suite 401
East Orange, New Jersey
(973)-673-0600
Attorneys for Plaintiff


## IN THE SUPERIOR COURT OF FULTON COUNTY
## STATE OF GEORGIA

_____

Sonja Roberts,
            Plaintiff                              Civil Action File No. 2020CV343859

    v.

                                          COMPLAINT AND JURY DEMAND


Atlanta Metropolitan State College,
Lauretta Hannon, University System of
Georgia,


            Defendants.
_____

      Plaintiff  Sonja Roberts residing in the City of Atlanta, County of Fulton, State of Georgia,

complaining of Defendant Atlanta Metropolitan State College located at 1630 Metropolitan

Parkway, SW, Atlanta, Georgia 30310 and its employee, agent, Defendant Lauretta Hannon

alleges as follows:

### JURISDICTION AND VENUE

1. This civil action arises under Article 1, Section 1, paragraphs 1,  2 and 5 of the Georgia
   Constitution.

2. This civil action arises under Georgia Age Discrimination Act GA Code Sec. 34-1.2.

3. This civil action arises under Georgia Equal Employment for Persons with Disabilities GA

1

Code Sec 34- 6A-2

4. This civil action arises under Georgia Fair Employment Practices Act Ga Code Sec. 45-19-20.

5. This action arises under the United States Constitution particularly the First and Fourteenth Amendment and under federal law particularly 28 U.S.C. §§2201, 2202; 42 U.S.C. § § 1983 and 1988.

6. This action is brought under Title VII of the Civil Rights Act, 42 U.S.C. §§2000e et seq., for employment discrimination on the basis of race, pregnancy/gender and retaliation for exercising rights under this statute.

7. This action is brought under Age Discrimination in Employment Act of 1969, 29 U.S.C. §§ 621, et seq. for employment against persons age 40 and over, or retaliation for exercising rights under statute.

8. This action is brought under the Family Medical Leave Act , FMLA 29 U.S.C.A. §§2601, et seq., on the basis of being denied an accommodation or retaliation for exercising rights under statute.

9. This Court has original jurisdiction over Plaintiff's federal claims by operations of 28 U.S.C. §§ 1331 and 1343.

10. This Court has authority to issue the requested declaratory relief under 28 U.S.C. § 2201.

11. This Court has authority to issue the requested injunctive relief under FED. R. CIV. P. 65 and U.S.C. §1343(3).

12. This Court has authority to award the requested damages under 28 U.S.C. §1343(3).

13. This Court has authority to award attorneys' fees under 42 U.S.C. §1988.

Venue is proper in this county. The acts, conduct and transactions complained of herein occurred in substantial part in this county. Defendant Atlanta Metropolitan State College is located here. Many of the relevant witnesses reside in this county and Defendant conduct substantial business/professional activity in this county.

PARTIES

14. At all relevant times, Defendant Atlanta Metropolitan State College (hereafter "AMSC") was and is a corporation organized and existing under the laws of the State of Georgia with its principal place of business located at 1630 Metropolitan Parkway, SW, Atlanta, Georgia 30310.

15. At all relevant times, Defendant Lauretta Hannon was in the employ of Defendant "AMSC" whose location is at 1630 Metropolitan Parkway, SW, Atlanta, Georgia. At all relevant times, Defendant Lauretta Hannon was the agent, employee, representative, servant of defendant "City".

16. At all relevant times, Defendant University System of Georgia (hereafter "USG") was and is a corporation organized and existing under the laws of the State of Georgia with its principal place of business located at 270 Washington St. SW, 8th Floor, Atlanta, Georgia 30334.

## FACTS COMMON TO ALL CLAIMS

1. Plaintiff Sonja Roberts is a black woman and a citizen of the United States and is a lifelong a resident of the City of Atlanta.

2. Plaintiff Sonja Roberts was born in 1975. Plaintiff Sonja Roberts was approximately 9 months pregnant at the time Defendant AMSC terminated her employment on September 25, 2019. Plaintiff Sonja Roberts gave birth to her first and only child on October 4, 2019 (9) nine days after Defendant AMSC terminated her.

3. Plaintiff was approximately 44 years old at the time Defendant AMSC terminated her.

4. Defendant AMSC hired Plaintiff Sonja Roberts in August 2017 as the Director of Communications. Plaintiff's salary was approximately $83,000.00 plus benefits.

5. On October 29, 2018, Plaintiff filed a 52-point grievance with Human Resources for Defendant AMSC against Lauretta Hannon for hostile work environment and harassment. Defendant AMSC pursuant to personnel policy notified Defendant Hannon in writing of Plaintiff's grievance and requested a written response from Defendant Hannon. Defendant Hannon submitted a written response to Plaintiff's grievance. Human Resources Director Mitzi Williams informed Plaintiff on June 4, 2019 that a mediation would take place within the next two months but the mediation never occurred. Director Mitzi Williams informed Plaintiff that she (Mitzi Williams) along with James Altermus would speak with Defendant Lauretta Hannon to schedule a meeting for Plaintiff, Defendant Hannon and Ms. Williams to discuss Plaintiff's grievance.

6. On October 31, 2018, Plaintiff applied for FMLA because of the effects Defendant Hannon's harassment was having on her. Plaintiff was experiencing elevated blood pressure, weight gain, stress depression and anxiety.

7. In February 2019, Plaintiff was temporarily assigned to work in Admissions and Student Affairs. Plaintiff's temporary assignment was scheduled to end on June 30, 2019. Around

June 21, 2019, Plaintiff requested to continue working in admissions and Student Affairs due to her pregnancy because the work accommodated her condition.

8. Plaintiff returned to work on January 14, 2019. On June 4, 2019 Plaintiff met with Human Resources Director Mitzi Williams and James Altermus regarding Plaintiff's grievance about Defendant Hannon's harassment and bullying. HR Director Williams and Mr. Altermus told Plaintiff that she was not in a protected class but that they did find conflict and that a mediation would be the next step of the grievance process. Defendant Hannon's bullying and harassment of Plaintiff continued.

9. On June 21, 2019, Plaintiff informed Human Resources Director Williams of her pregnancy, her due date and high-risk status. Plaintiff submitted a formal pregnancy accommodation to Director Williams requesting reassignment during her pregnancy to the supervision of Kimberly Grimes-Solomon who Plaintiff had been reporting to during her temporary assignment and have work duties that fit within a 40-hour work week. The accommodation request was based on the following factors; 1) Plaintiff was over the age of 40 2) Defendant Lauretta Hannon's bullying and harassment had not stopped 3) Plaintiff's unborn child's life was being endangered because of the effects of the harassment and both Dr. Solomon and Defendant Hannon wanted Plaintiff to do both jobs simultaneously.

10. The Director of Human Resources Mitzi Williams informed Plaintiff that her request was denied on or about July 1, 2019. Plaintiff experienced an anxiety attack on July 1, 2019 and July 2, 2019. Plaintiff was placed on anti-depressants and given anxiety medication. The medications increased the likelihood of low birth weight and early delivery.

11. Plaintiff returned to her position as Director of Communications on July 8, 2019. On July 8, 2019, Plaintiff informed Defendant Hannon that she (Plaintiff) was pregnant. Plaintiff explained to Defendant Hannon that her health and her unborn child's health were her priorities. Defendant Hannon slid a printout of the enrollment management plan across the table to Plaintiff and said that the enrollment management plan is the top priority.

12. On July 10, 2019 Plaintiff's doctor removed Plaintiff from work because of complications with her pregnancy. As a result, Plaintiff was placed on Family Medical Leave for a couple of weeks.

13. On July 22, 2019, Plaintiff's doctor returned Plaintiff to work in intermittent FMLA working only three (3) days a week because of the continued stress that Plaintiff was enduring.

14. On July 25, 2019, Plaintiff's supervisor, Lauretta Hanon, placed Plaintiff on a performance improvement plan for sixty (60) days and gave Plaintiff an unsatisfactory performance review from 2018. Prior to July 25, 2019, Plaintiff had not been given any formal personnel notification of any alleged unsatisfactory performance that warranted a professional improvement plan. Defendant Hannon did not request Plaintiff's previously prepared self-evaluation nor was it used in the performance evaluation given by Defendant Hannon. Upon information and belief, the performance plan was highly subjective and rarely discussed Plaintiff's actual job performance as related to her actual job duties and responsibilities. Plaintiff asked that the PIP be extended to 90 days since she (Plaintiff) only came in 3 days a week.

15. During Plaintiff's FMLA accommodation, Plaintiff was limited to 24 hours of work but Defendants AMSC and Hannon still required Plaintiff to be responsible for 40 hours of work and when Plaintiff was unable to complete 40 hours because of her FMLA, Defendants AMSC and Hannon used this against Plaintiff as a pretext for terminating her.

16. In August 2019, Plaintiff requested a modified work schedule due to the complications of her pregnancy. Plaintiff's doctor submitted the accommodation request forms to Human Resources. However, Defendant AMSC denied Plaintiff's accommodation request.

17. On August 25, 2019, Plaintiff's request to extend the PIP time was denied.

18. On September 25, 2019, Defendant AMSC terminated Plaintiff.

19. On October 4, 2019, Plaintiff gave birth to her son three (3) weeks early.

20. On October 16, 2019, Plaintiff filed a formal grievance for wrongful termination.

6

21. From the period after October 16, 2019 to December 2019, Plaintiff received three (3) e-mails and one phone call from James Altermus letting Plaintiff know that she would be receiving information regarding the hearing process and the date and time for a hearing. To date, Plaintiff has never received any hearing which she was entitled to under Defendant University System of Georgia policy.

22. Defendant University System of Georgia did not afford Plaintiff the opportunity to be heard on her grievance regarding her termination.

23. Plaintiff maintains that she was meeting her employment expectations throughout her employment with Defendant AMSC.

24. Upon information and belief, Defendant Lauretta Hannon is an author of an autobiography entitled "The Cracker Queen, A memoir of a Jagged, Joyful Life". Plaintiff contends that cracker is a contemptuous term used to refer to a white person in the South, especially a poor white living in some rural parts of the southeastern U.S. and that for her supervisor, Defendant Hannon, to publicly describe herself as such a person give the appearance that Defendant Hannon harbors a racial bias.

25. Plaintiff Sonja Roberts alleges that Defendants AMSC, Lauretta Hannon, the Human Resource Department of Defendant AMSC, John (or Jane) Does 1-10, all of whose true names are unknown (collectively, "Defendants"), aided and abetted in unlawfully discriminating and retaliating against Plaintiff on the basis of her age, gender/sex, disability, and race

26. Plaintiff further alleges that Defendants' policies, practices, and decisions had a disparate impact upon her.

27. Plaintiff seek injunctive and declaratory relief, compensatory damages, punitive damages, liquidated damages, and reasonable attorneys' fees and costs as remedies for Defendants' violations of her rights.

28. Plaintiff timely filed charges of discrimination with the United States Equal Employment Opportunity Commission ("EEOC") on or about November 7, 2019.

29. The EEOC issued a Notice of Right to Sue letter to Plaintiff on September 11, 2020.

30. Plaintiff has timely filed this action and have complied with all administrative prerequisites to bring this lawsuit.


## COUNT ONE

(VIOLATION of AGE DISCRIMINATION in EMPLOYMENT ACT 29 U.S.C. §§ 621-634)


1. Plaintiff refers to the allegations set forth in the Facts Common to All Claims and Count One and by such reference repleads and incorporates them as though fully set forth herein.

2. Defendants' conduct as alleged in this complaint constitutes an unlawful employment practice, disparate treatment, hostile work environment based on age in violation of the Age Discrimination in Employment Act, 29 U.S.C. sections 621-634

3. In addition to its direct liability, the Defendant AMSC is also vicariously responsible for the actions of Lauretta Hannon, its agents or employees, by way of the doctrine of respondeat superior.

4. Plaintiff was over the age of 40 at the time of her termination. Plaintiff has reason to believe that she was replaced by a younger employee.

5. As a direct, foreseeable and proximate result of defendants' discriminatory acts, Plaintiff has suffered and continues to suffer substantial losses in earnings and benefits, and has

suffered and continues to suffer humiliation, embarrassment, mental and emotional distress, discomfort, pain and suffering

## COUNT TWO

RETALIATION in VIOLATION of TITLE VII of the CIVIL RIGHTS ACT OF 1964. 42 U.S.C. §. 2000e- (a)

1. Plaintiff refers to the allegations set forth in the Facts Common to All Claims and Count One and by such reference repleads and incorporates them as though fully set forth herein.

2. Section 704(a) of Title VII of the Civil Rights Act of 1964, as amended, prohibits employers from discriminating against an employee "because she has opposed any practice made an unlawful employment practice by this subchapter." 42 U.S.C. § 2000e-3(a).

3. Plaintiffs made informal and formal complaints to Defendants AMSC, its Human Resources Department and to Defendant Hannon and Defendant AMSC' agents and employees opposing Defendants' unlawful, discriminatory employment practices.

4. Title VII of the Civil Rights Act of 1964 prohibit employers from retaliating against employees for engaging in protected activity. Plaintiff complained of Defendant Hannon's harassment and bullying conduct to Defendant AMSC Human Resources and Defendant AMSC communicated Plaintiff's complaints to Defendant Hannon.

5. Defendants' adverse actions constituted retaliatory workplace harassment and disparate treatment which Plaintiff contends were causally connected to her complaints.

6. Defendants' retaliatory actions were sufficient to deter a reasonable person from engaging in protected activity under Title VII.

7. As a direct, legal and proximate result of Defendants' retaliation, Plaintiffs have sustained, and will continue to sustain, economic and emotional injuries, resulting in damages.

## COUNT THREE

### (VIOLATION of 42 U.S.C. sections, 1983 and 1985)

1. Plaintiff refers to the allegations set forth in the Facts Common to All Claims and Counts One, and Two by such reference repleads and incorporates them as though fully set forth herein.

2. Plaintiff repeats the aforementioned allegations as though fully set forth herein.

3. By the defendants' actions as foresaid and acting with deliberate indifference to Plaintiff's constitutional rights, the defendants violated Plaintiff's rights including but not limited to his right to Due Process under the Fourteenth Amendments to the United States Constitution,  42, U..S.C. sections 1983 and 1985 as well as her free speech and associational rights under the First Amendment to the United States Constitution, which violations were made by an official decision or decisions made under color of law by one or more individuals vested with authority, actual and/or implied, to make such decisions for a public body of the State of Georgia..

4. The Due Process Clause of the Fourteenth Amendment protects rights that are fundamental or implicit in the concept of ordered liberty in including the right to earn a livelihood free from unreasonable government interference. Plaintiff has a protected liberty interest and property right in working and earning a living.

5. Pursuant to Article 1, Section 1, paragraphs 1 of the Georgia Constitution no person shall be deprived of life, liberty or property except by due process of law.

6. Such liberty and property protection is reinforced by the University of Systems Georgia Policies. Pursuant to the University of Systems Georgia Policies"....*Upon submission of*

10

*the grievance statement, the grievant will be provided with a copy of the formal grievance policy and other documents pertaining to grievance hearing procedures. The employee shall be entitled to the procedural protections of a hearing before a Board of Review. The Board of Review hearing may take place either before or after the effective date of the personnel decision in question.*" Defendant AMSC did not afford Plaintiff the protections provided by the aforementioned USG policies by not granting her a hearing before a Board of Review.

7. Defendant University System of Georgia did not afford Plaintiff the opportunity to be heard on her grievance regarding her termination.

8. In addition to its direct liability, the Defendant AMSC is also vicariously responsible for the actions of Defendant Lauretta Hannon, its agents or employees, by way of the doctrine of respondeat superior.

9. As a direct, foreseeable, and proximate result of defendants' discriminatory acts, plaintiff has suffered and continues to suffer substantial losses in earnings and job benefits and has suffered and continues to suffer humiliation, embarrassment, mental and emotional distress and discomfort.

COUNT FOUR

(VIOLATION of 42 U.S.C. §§ 1983 and 1985)

1. Plaintiff refers to the allegations set forth in the Facts Common to All Claims and Counts One, Two and Three by such reference repleads and incorporates them as though fully set forth herein.

2. Plaintiff repeats the aforementioned allegations as though fully set forth herein.

11

3. By the defendants' actions as foresaid and acting with deliberate indifference to Plaintiff's constitutional rights, the defendants violated Plaintiff's rights including but not limited to his right to Due Process under the Fourteenth Amendments to the United States Constitution, 42, U..S.C. sections 1983 and 1985 as well as her free speech and associational rights under the First Amendment to the United States Constitution, which violations were made by an official decision or decisions made under color of law by one or more individuals vested with authority, actual and/or implied, to make such decisions for a public body of the State of Georgia..

4. The Due Process Clause of the Fourteenth Amendment requires that states provide their employees with protected property interests in their jobs, notice of the charges against them, an explanation of the employer's evidence and a meaningful opportunity to present the employee's side before termination and an opportunity for the employees to be heard.

5. Such liberty and property protection are reinforced by the University of Systems Georgia Policies. Pursuant to the University of Systems Georgia Policies"….*Upon submission of the grievance statement, the grievant will be provided with a copy of the formal grievance policy and other documents pertaining to grievance hearing procedures. The employee shall be entitled to the procedural protections of a hearing before a Board of Review. The Board of Review hearing may take place either before or after the effective date of the personnel decision in question.*" Defendant AMSC did not afford Plaintiff the protections provided by the aforementioned USG policies by not granting her a hearing before a Board of Review. Defendant AMSC did not give Plaintiff any meaningful opportunity to be heard or respond to the termination as required by the USG policy.

6. In addition to its direct liability, the Defendant AMSC is also vicariously responsible for the actions of Defendant Lauretta Hannon, its agents or employees, by way of the doctrine of respondeat superior.

7. Defendant University System of Georgia did not afford Plaintiff the opportunity to be heard on her grievance regarding her termination thus breaching its own policy as to Plaintiff.

8. Pursuant to Article 1, Section 1, paragraphs 1 of the Georgia Constitution no person shall be deprived of life, liberty or property except by due process of law.

9. As a direct, foreseeable, and proximate result of defendants' discriminatory acts, plaintiff has suffered and continues to suffer substantial losses in earnings and job benefits and has suffered and continues to suffer humiliation, embarrassment, mental and emotional distress and discomfort.

COUNT FIVE

(VIOLATION OF FAMILY MEDICAL LEAVE ACT 29 U.S.C.A. § 2601)

1. Plaintiff refers to the allegations set forth in the in the Facts Common to All Claims Counts One, Two, Three and Four above and by such reference repleads and incorporates them as though fully set forth herein.

2. Upon information and belief, Defendant AMSC is an employer of at least 50 people.

3. The Family Medical Leave Act('FMLA') makes it unlawful for an employer to discriminate against or retaliate against an employee who exercises her right to family care leave. 29 U.S.C. §2615(a)(1))"it shall be unlawful for any employee to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under this subchapter."); 29 U.S.C. §26159a)(2)('It shall be unlawful for any employer to discharge

13

or in any other manner discriminate against any individual for opposing any practice made unlawful by this subchapter.")

4.      Defendant AMSC interfered with, retaliated against, restrained and/or denied Plaintiff protection afforded under the Family Medical Leave Act. by discriminating and/or retaliating against plaintiff, by not protecting her job security because she exercised her rights under FMLA 29 U.S.C.A. section 2601, et seq.

5.      As a proximate cause of defendants' conduct, plaintiff has suffered and continues to suffer substantial losses in earnings, retirement benefits and other employee benefits that plaintiff would have received had defendants not violated plaintiff's rights under the FMLA.

6.      As a further proximate result of the above-mentioned acts, plaintiff has suffered economic losses, humiliation, mental pain and anguish.


## COUNT SIX

RETALIATION in VIOLATION of TITLE VII of the CIVIL RIGHTS ACT OF 1964. 42 U.S.C. §§ 2000e- (a)


1.  Plaintiff refers to the allegations set forth in the Facts Common to All Claims and Counts One, Two, Three, Four and Five by such reference repleads and incorporates them as though fully set forth herein.

2.   Title VII of the Civil Rights Act of 1964, prohibits discrimination against an employee because of pregnancy which is a form of sex discrimination. 42 U.S.C. § 2000e-3(a).

3.  Plaintiffs made informal and formal complaints to Defendants' agents and employees opposing Defendants' unlawful, discriminatory employment practices based on gender/ sex/pregnancy.

4.  Defendants' adverse actions constituted retaliatory workplace harassment and disparate

14

treatment.

5. Defendants discriminated against Plaintiff because of her pregnancy and sex by terminating her employment because of her pregnancy and terminating her 9 days before she gave birth.

6. Defendants' retaliatory actions were sufficient to deter a reasonable person from engaging in protected activity under Title VII.

7. These actions as aforesaid constitute violations of Title VII of the Civil Rights Act of 1964 and/or the Pregnancy Discrimination Act.

8. As a direct, legal and proximate result of Defendants' retaliation, Plaintiffs have sustained, and will continue to sustain, economic and emotional injuries, resulting in damages.

## COUNT SEVEN

RETALIATION in VIOLATION of TITLE VII of the CIVIL RIGHTS ACT OF 1964. 42 U.S.C. §§ 2000e- (a)

1. Plaintiff refers to the allegations set forth in the Facts Common to All Claims and Counts One, Two, Three, Four, Five and Six by such reference repleads and incorporates them as though fully set forth herein.

2. Title VII of the Civil Rights Act of 1964, prohibits discrimination against an employee because of pregnancy which is a form of sex discrimination. 42 U.S.C. § 2000e-3(a).

3. Plaintiffs made informal and formal complaints to Defendants' agents and employees opposing Defendants' unlawful, discriminatory employment practices based on race.

4. Defendants' adverse actions constituted retaliatory workplace harassment and disparate treatment.

5. Defendants discriminated against Plaintiff because of her pregnancy and sex by terminating her employment because of her pregnancy and terminating her 9 days before she gave birth.

6. Defendants' retaliatory actions were sufficient to deter a reasonable person from engaging

in protected activity under Title VII.

7. As a direct, legal and proximate result of Defendants' retaliation, Plaintiffs have sustained, and will continue to sustain, economic and emotional injuries, resulting in damages.

## COUNT EIGHT

## (VIOLATION OF THE CONSTITUTION OF GEORGIA)

1. Plaintiff refers to the allegations set forth in the Facts Common to All Claims and Counts One, Two, Three, Four, Five, Six and Seven by such reference repleads and incorporates them as though fully set forth herein.

2. Defendants AMSC, Hannon and USG violated plaintiff's rights under the Constitution of Georgia liable in damages , proximately caused by the defendants' violation,

Where such rights include:

a) The right to acquire, possess, and protect property;

b) The right to equal protection of the law;

c) The right to due process;

d) The right not to be denied or discriminated against in any civil right;

e) The right to pursue and obtain safety and happiness

4. Upon information and belief, Defendants Hannon, ASMC and USG were acting under color of law and deprived, interfered and/or attempted to interfere with the exercise or enjoyment by plaintiffs of any substantive due process or equal protection rights, privileges, or immunities secured by the Constitution or laws of the United States or any substantive rights, privileges, or immunities secured by the Constitution or laws of the State of Georgia right to equal protection and are liable to the plaintiff for him damages and/or for injunctive or other appropriate relief.

5. Upon information and belief, Defendants acting under color of state law willfully and

intentionally, knowingly deprived Plaintiff of her rights, privileges afforded to them under the Constitution of Georgia Article 1, Section 1, paragraphs 1, 2 and 5 of the Georgia Constitution.

## COUNT NINE

(VIOLATION OF FAIR EMPLOYMENT PRACTICE ACT GA. CODE SEC. 45- 19-29 to 45-19-45)

1.     Plaintiff refers to the allegations set forth in the Facts Common to All Claims and Counts One, Two, Three, Four, Five, Six, Seven and Eight by such reference repleads and incorporates them as though fully set forth herein.

2.     Fair Employment Practices Act GA. Code Sec 45-19-20to 45-19-45 prohibits discrimination against an employee because of pregnancy which is a form of sex discrimination.

3.     Plaintiffs made informal and formal complaints to Defendants' agents and employees opposing Defendants' unlawful, discriminatory employment practices based on sex, race.

4.     Defendants' adverse actions constituted retaliatory workplace harassment and disparate treatment.

5.     Defendants discriminated against Plaintiff because of her pregnancy and sex by terminating her employment because of her pregnancy and terminating her 9 days before she gave birth.

6.     Defendants' retaliatory actions were sufficient to deter a reasonable person from engaging in protected activity.

7.     As a direct, legal and proximate result of Defendants' retaliation, Plaintiffs have sustained, and will continue to sustain, economic and emotional injuries, resulting in damages.

COUNT TEN

(VIOLATION OF FAIR EMPLOYMENT PRACTICE ACT GA. CODE SEC. 34-6A-2)

1.    Plaintiff refers to the allegations set forth in the Facts Common to All Claims and Counts One, Two, Three, Four, Five, Six, Seven, Eight, and Nine. by such reference repleads and incorporates them as though fully set forth herein.

2.    Fair Employment Practices Act GA. Code Sec 34:6A-2 prohibits discrimination against an employee because of disability.

3.    Plaintiffs made informal and formal complaints to Defendants' agents and employees opposing Defendants' unlawful, discriminatory employment practices based on disability.

4.    Defendants' adverse actions constituted retaliatory workplace harassment and disparate treatment.

5.    Defendants discriminated against Plaintiff because of her pregnancy and sex by terminating her employment because of her pregnancy and terminating her 9 days before she gave birth.

6.    Defendants' retaliatory actions were sufficient to deter a reasonable person from engaging in protected activity.

7.    As a direct, legal and proximate result of Defendants' retaliation, Plaintiffs have sustained, and will continue to sustain, economic and emotional injuries, resulting in damages.

18

## COUNT ELEVEN

## (VIOLATION OF ATLANTA CODE OF ORDINACES SEC. 94-11- ET SEQ.)

1.      Plaintiff refers to the allegations set forth in the Facts Common to All Claims and Counts One, Two, Three, Four, Five, Six, Seven, Eight, Nine and Ten by such reference repleads and incorporates them as though fully set forth herein.

2.      Atlanta Code of Ordinances Sec. 94-11- et seq. prohibits discrimination against an employee because of gender/sex, race

3.      Plaintiffs made informal and formal complaints to Defendants' agents and employees opposing Defendants' unlawful, discriminatory employment practices based on gender/sex.

4.      Defendants' adverse actions constituted retaliatory workplace harassment and disparate treatment.

5.      Defendants discriminated against Plaintiff because of her pregnancy and sex by terminating her employment because of her pregnancy and terminating her 9 days before she gave birth.

6.      Defendants' retaliatory actions were sufficient to deter a reasonable person from engaging in protected activity.

7.      As a direct, legal and proximate result of Defendants' retaliation, Plaintiffs have sustained, and will continue to sustain, economic and emotional injuries, resulting in damages.

19

## COUNT TWELVE

### (INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)

1. Plaintiff refers to the allegations set forth in the Facts Common to All Claims and Counts One, Two, Three, Four, Five, Six, Seven, Eight, Nine, Ten and Eleven by such reference repleads and incorporates them as though fully set forth herein.

2. Defendant Hannon has engaged in conducted in extreme an outrageous conduct that have caused Plaintiff to suffer emotional distress. Plaintiff has suffered embarrassment, stress, and mental anguish and aggravation.

3. As a further proximate result of the above-mentioned acts, plaintiff has suffered both economic and non-economic losses, lost benefits, front and back pay, humiliation, mental pain and anguish.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Sonja Roberts prays for Judgment against all Defendants, individually, jointly, severally and each of them for all aforementioned claims, for the following injunctive and monetary relief as follows:

1. An order compelling Defendants to take prompt appropriate and effective corrective measures, including those that effect all supervisors and personnel, to prevent abuse, harassment, bullying and discrimination complained of in this Complaint by any employee, agent, and/or representative toward any member of the AMSC community.

2. An order enjoining Defendants from taking retaliatory action of any type against any employees for reporting to or objecting to Defendants' improper activities, policies, and/or practices believed to be in violation of contract, law, rule, and/or regulation promulgated pursuant to law.

3. Any other prospective injunctive relief that the Court deems just and appropriate

4. For compensatory damages including but not limited to lost wages and benefits, and emotional distress damages

5. Punitive damages

6. Pain and suffering

7. Attorney fees and costs, plus interest

8. For such other and further relief as the Court deems proper.

By: _____

Christopher C. Roberts, Esq.
Georgia Bar No. (#00973226)

Dated:  December 19, 2020

21

DEMAND FOR A JURY TRIAL

Plaintiff demands a trial by jury on all issues.

By:
Christopher C. Roberts, Esq.
Georgia Bar No. (#00973226)
7 Glenwood Avenue, Suite 401
East Orange, NJ 070107
(973)-673-0600

Dated:  December 19, 2020

22

# Exhibit 1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| SONJA ROBERTS, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION |
| | ) |
| ATLANTA METROPOLITAN STATE | ) FILE NO. |
| COLLEGE, LAURETTA HANNON, and | ) |
| UNIVERSITY SYSTEM OF GEORGIA, | ) |

    Defendants.

## NOTICE OF REMOVAL

    Defendants Atlanta Metropolitan State College ("Atlanta Metro"), Lauretta Hannon ("Hannon"), and University System of Georgia ("USOG") (collectively the "Defendants"), by and through their undersigned counsel and pursuant to 28 U.S.C. §§ 1441(a) and 1446, hereby file this Notice of Removal and show this Court as follows:

1.

    On December 21, 2020, Plaintiff filed a lawsuit in the Superior Court of Fulton County, Georgia captioned as <u>Sonja Roberts v. Atlanta Metropolitan State College, Lauretta Hannon, University System of Georgia.</u> This lawsuit was assigned Civil Action File No. 2020-CV-343859. True and correct copies of the Complaint, as well as all other process, orders or pleadings received by the

Defendants by service or otherwise in this action are attached hereto as **Exhibit "A"** as required by 28 U.S.C. §1446(a).

2.

The United States District Court for the Northern District of Georgia, Atlanta Division, includes Fulton County. Accordingly, removal to this Court is proper under 28 U.S.C. § 1441(a).

3.

Plaintiff's Complaint alleges violations of the Age Discrimination in Employment Act 29 U.S.C. §§621-634, Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.* ("Title VII"), 42 U.S.C. §§ 1983 and 1985, Family Medical Leave Act 29 U.S.C. § 2601, Georgia Constitution, Fair Employment Practice Act O.C.G.A. § 45-19-29 – 45-15-45, Atlanta Code Ordinances § 94-11, *et seq.*, and tort claims under common law.

4.

As a result, the United States District Court for the Northern District of Georgia, Atlanta Division, has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1441(b), and 1441(c) and other applicable laws, as this case is a civil action under the Constitution and/or laws of the United States.

2

5.

To the extent Plaintiff alleges claims under state law, this Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 because such claims are part of the same case or controversy that gives rise to Plaintiff's claims under federal law.

6.

On January 6, 2021, Plaintiff served Defendants.  As such, Defendants have timely filed their Notice of Removal within the 30-day time limit imposed by 28 U.S.C. § 1446(b).

7.

Promptly after filing this Notice of Removal, written notice of this filing will be provided to Plaintiff and a copy of this Notice of Removal will be filed with the Superior Court of Fulton County, State of Georgia.  A copy of the Notice to Plaintiff of Removal of State Court Action is attached hereto as **Exhibit "B"**. Exhibit B will be served on all adverse parties.

8.

By filing this Notice of Removal, Defendants do not waive any defense that may be available to them.

3

WHEREFORE, Defendants respectfully request this Court assume full jurisdiction of the controversy now pending between Plaintiff and Defendants in the Superior Court of Fulton County as provided by law.

Respectfully submitted, this 4th day of February 2021.

**GREGORY, DOYLE, CALHOUN & ROGERS, LLC**

/s/ William P. Miles, Jr.
William P. Miles, Jr.
Georgia Bar No. 505828
T. Owen Farist
Georgia Bar No. 560550

49 Atlanta Street
Marietta, Georgia 30060
(770) 422-1776 – telephone
(678) 784-3527 – facsimile
wmiles@gdcrlaw.com
ofarist@gdcrlaw.com
*Attorneys for Defendants*

4

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| SONJA ROBERTS, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   CIVIL ACTION |
| | ) |
| ATLANTA METROPOLITAN STATE | )   FILE NO. |
| COLLEGE, LAURETTA HANNON, and | ) |
| UNIVERSITY SYSTEM OF GEORGIA, | ) |

    Defendants.

## CERTIFICATE OF SERVICE

I hereby certify that on this day 4th day of February 2021, I served a copy of the foregoing **NOTICE OF REMOVAL** upon all parties to this matter by depositing a true copy of same via United States mail, proper postage prepaid, addressed to Plaintiff's Counsel, as follows:

Christopher C. Roberts, Esq.
7 Glenwood Avenue,
Suite 401
East Orange, NJ 070107

This 4th day of February 2021.

**GREGORY, DOYLE, CALHOUN
& ROGERS, LLC**

/s/ William P. Miles, Jr.

# Exhibit A

Fulton County Superior Cour
***EFILED***T\
Date: 12/21/2020 9:32 AM
Cathelene Robinson, Clerl



## IN THE SUPERIOR COURT OF FULTON COUNTY, GEORGIA
### 136 PRYOR STREET, ROOM C-103, ATLANTA, GEORGIA 30303
**SUMMONS**

Sonya Roberts

_____

**Plaintiff,**

**Case No.:** 2020CV343859

**vs.**

Atlanta Metropolitan State College,
Loretta HANNON University,
System of Georgia

**Defendant**

TO THE ABOVE NAMED DEFENDANT(S): Atlanta Metropolitan State College

You are hereby summoned and required to file electronically with the Clerk of said Court at https://efilega.tylerhost.net/ofsweb and serve upon plaintiff's attorney, whose name and address is:

Christopher C. Roberts, Esq.
7 Glenwood Ave. Ste, 401
East Orange, New Jersey 07017

An answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service; unless proof of service of this complaint is not filed within five (5) business days of such service. Then time to answer shall not commence until such proof of service has been filed. **IF YOU FAIL TO DO SO, JUDGMENT BY DEFAULT WILL BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.**

This   12/21/2020   day of _____, 20 _____

Honorable Cathelene "Tina" Robinson
Clerk of Superior Court
By_____
                    Deputy Clerk

To defendant upon whom this petition is served:
This copy of complaint and summons was served upon you _____, 20_____

_____
                    Deputy Sherriff

Instructions: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum is used



# IN THE SUPERIOR COURT OF FULTON COUNTY, GEORGIA
### 136 PRYOR STREET, ROOM C-103, ATLANTA, GEORGIA 30303
## SUMMONS

Sonja Roberts

_____

**Plaintiff,**

**vs.**

Atlanta Metropolitan State College,
Lauretta Hannon, University
System of Georgia

**Defendant**

) Case
) No.: _____
)
)
)
)
)
)
)
)
)
)
)
)
)

TO THE ABOVE NAMED DEFENDANT(S): University System of Georgia

You are hereby summoned and required to file electronically with the Clerk of said Court at https://efilega.tylerhost.net/ofsweb and serve upon plaintiff's attorney, whose name and address is:

Christopher C. Roberts, Esq.
7 Glenwood Ave. Ste. 401
East Orange, New Jersey 07017

An answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service; unless proof of service of this complaint is not filed within five (5) business days of such service. Then time to answer shall not commence until such proof of service has been filed. **IF YOU FAIL TO DO SO, JUDGMENT BY DEFAULT WILL BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.**

This _____ day of _____, 20 _____

Honorable Cathelene "Tina" Robinson
Clerk of Superior Court
By_____
                    Deputy Clerk

To defendant upon whom this petition is served:
This copy of complaint and summons was served upon you  _____, 20_____

_____
                    Deputy Sherriff

Instructions: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum is used



# IN THE SUPERIOR COURT OF FULTON COUNTY, GEORGIA
### 136 PRYOR STREET, ROOM C-103, ATLANTA, GEORGIA 30303
## SUMMONS

Sonja Roberts _____

) Case
) No.:_____
)
)
**Plaintiff,**
)
)
vs.
)
Atlanta Metropolitan State College, )
Lauretta Hannon, University )
System of Georgia **Defendant** )
)
)
)

TO THE ABOVE NAMED DEFENDANT(S): Lauretta Hannon

You are hereby summoned and required to file electronically with the Clerk of said Court at
https://efilega.tylerhost.net/ofsweb and serve upon plaintiff's attorney, whose name and address is:

Christopher C. Roberts, Esq.
7 Glenwood Ave, Ste. 401
East Orange, New Jersey 07017

An answer to the complaint which is herewith served upon you, within 30 days after service of this
summons upon you, exclusive of the day of service; unless proof of service of this complaint is not filed
within five (5) business days of such service. Then time to answer shall not commence until such proof
of service has been filed. **IF YOU FAIL TO DO SO, JUDGMENT BY DEFAULT WILL BE TAKEN AGAINST YOU
FOR THE RELIEF DEMANDED IN THE COMPLAINT.**

This _____ day of _____, 20 _____

Honorable Cathelene "Tina" Robinson
Clerk of Superior Court
By_____
Deputy Clerk

To defendant upon whom this petition is served:
This copy of complaint and summons was served upon you    _____, 20_____

_____
Deputy Sherriff

Instructions: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum is used

12/23/2020    Xfinity Connect Filing Accepted for Case_ 2020CV343859; Sonja RobertsVS_Atlanta Metropolitan State College,Lauretta Hannon,Univ…

Case 1:21-cv-00541-SDG   Document 1-1   Filed 02/05/21   Page 39 of 99

**efilingmail@tylerhost.net**                    12/23/2020 10:49 AM

# Filing Accepted for Case: 2020CV343859; Sonja RobertsVS.Atlanta Metropolitan State College,Lauretta Hannon,University System of Georgia; Envelope Number: 6693930

To chrisr1969@comcast.net



**Filing Accepted**

Envelope Number: 6693930
Case Number: 2020CV343859
Case Style: Sonja Roberts
VS.
Atlanta Metropolitan State College,Lauretta
Hannon,University System of Georgia

The filing below was reviewed and has been accepted by the clerk's office. You may access the file stamped copy of the document filed by clicking on the below link.

| Filing Details | |
|---|---|
| **Court** | Fulton - Superior Court |
| **Case Number** | 2020CV343859 |
| **Case Style** | Sonja Roberts<br>VS.<br>Atlanta Metropolitan State College,Lauretta Hannon,University System of Georgia |
| **Date/Time Submitted** | 12/21/2020 9:32 AM EST |
| **Date/Time Accepted** | 12/23/2020 10:48 AM EST |
| **Accepted Comments** | |
| **Filing Type** | SUMMONS |
| **Filing Description** | Summons |
| **Activity Requested** | EFile |
| **Filed By** | Christopher Roberts |
| **Filing Attorney** | Christopher Roberts |

| Document Details | |
|---|---|
| **Lead Document** | SRobertsDec142020Summons.PDF |
| **Lead Document Page Count** | 3 |
| **File Stamped Copy** | Download Document |
| This link is active for 45 days. | |

**Please Note:** If you have not already done so, be sure to add yourself as a service contact on this case in order to receive eService.

For technical assistance, contact your service provider

Odyssey File & Serve

Fulton County Superior Cour
***EFILED***TV
Date: 12/21/2020 9:32 AM
Cathelene Robinson, Clerk

**General Civil and Domestic Relations Case Filing Information Form**

☒ **Superior** or ☐ **State Court of** Fulton _____ **County**

| For Clerk Use Only | | |
|---|---|---|
| **Date Filed** 12/21/2020 | **Case Number** | 2020CV343859 |
| MM-DD-YYYY | | |

**Plaintiff(s)**

| | | | | |
|---|---|---|---|---|
| Roberts | Sonja | | | |
| Last | First | Middle I. | Suffix | Prefix |
| | | | | |
| Last | First | Middle I. | Suffix | Prefix |
| | | | | |
| Last | First | Middle I. | Suffix | Prefix |
| | | | | |
| Last | First | Middle I. | Suffix | Prefix |

**Defendant(s)**

| | | | | |
|---|---|---|---|---|
| Atlanta | Metropolitan | State | College | |
| Last Lauretta | First Hannon | Middle I. | Suffix | Prefix |
| University | System of | Georgia | | |
| Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix |

**Plaintiff's Attorney** Christopher C. Roberts    **State Bar Number** 973226    **Self-Represented** ☐

**Check one case type and one sub-type in the same box (if a sub-type applies):**

**General Civil Cases**

- ☐ Automobile Tort
- ☐ Civil Appeal
- ☐ Contempt/Modification/Other Post-Judgment
- ☐ Contract
- ☐ Garnishment
- ☐ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☒ Other General Civil

**Domestic Relations Cases**

- ☐ Adoption
- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Dissolution/Divorce/Separate Maintenance/Alimony
- ☐ Family Violence Petition
- ☐ Modification
  - ☐ Custody/Parenting Time/Visitation
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

☐ Check if the action is related to another action pending or previously pending in this court involving some or all of the same: parties, subject matter, or factual issues. If so, provide a case number for each.

_____    _____
**Case Number**         **Case Number**

☒ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in OCGA § 9-11-7.1.

☐ Is a foreign language or sign-language interpreter needed in this case? If so, provide the language(s) required.

_____ **Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

Christopher C. Roberts (#00973226)
Attorney at Law
7 Glenwood Avenue, Suite 401
East Orange, New Jersey
(973)-673-0600
Attorneys for Plaintiff

IN THE SUPERIOR COURT OF FULTON COUNTY
STATE OF GEORGIA

_____

Sonja Roberts,
          Plaintiff

    v.

Atlanta Metropolitan State College,
Lauretta Hannon, University System of
Georgia,

          Defendants.

Civil Action File No. 2020CV343859

COMPLAINT AND JURY DEMAND

Plaintiff  Sonja Roberts residing in the City of Atlanta, County of Fulton, State of Georgia,

complaining of Defendant Atlanta Metropolitan State College located at 1630 Metropolitan

Parkway, SW, Atlanta, Georgia 30310 and its employee, agent, Defendant Lauretta Hannon

alleges as follows:

JURISDICTION AND VENUE

1. This civil action arises under Article 1, Section 1, paragraphs 1,  2 and 5 of the Georgia
   Constitution.

2. This civil action arises under Georgia Age Discrimination Act GA Code Sec. 34-1.2.

3. This civil action arises under Georgia Equal Employment for Persons with Disabilities GA

1

Code Sec 34- 6A-2

4. This civil action arises under Georgia Fair Employment Practices Act Ga Code Sec. 45-19-20.

5. This action arises under the United States Constitution particularly the First and Fourteenth Amendment and under federal law particularly 28 U.S.C. §§2201, 2202; 42 U.S.C. § § 1983 and 1988.

6. This action is brought under Title VII of the Civil Rights Act, 42 U.S.C. §§2000e et seq., for employment discrimination on the basis of race, pregnancy/gender and retaliation for exercising rights under this statute.

7. This action is brought under Age Discrimination in Employment Act of 1969, 29 U.S.C. §§ 621, et seq. for employment against persons age 40 and over, or retaliation for exercising rights under statute.

8. This action is brought under the Family Medical Leave Act , FMLA 29 U.S.C.A. §§2601, et seq., on the basis of being denied an accommodation or retaliation for exercising rights under statute.

9. This Court has original jurisdiction over Plaintiff's federal claims by operations of 28 U.S.C. §§ 1331 and 1343.

10. This Court has authority to issue the requested declaratory relief under 28 U.S.C. § 2201.

11. This Court has authority to issue the requested injunctive relief under FED. R. CIV. P. 65 and U.S.C. §1343(3).

12. This Court has authority to award the requested damages under 28 U.S.C. §1343(3).

13. This Court has authority to award attorneys' fees under 42 U.S.C. §1988.

Venue is proper in this county. The acts, conduct and transactions complained of herein occurred in substantial part in this county. Defendant Atlanta Metropolitan State College is located here. Many of the relevant witnesses reside in this county and Defendant conduct substantial business/professional activity in this county.

PARTIES

14. At all relevant times, Defendant Atlanta Metropolitan State College (hereafter "AMSC") was and is a corporation organized and existing under the laws of the State of Georgia with its principal place of business located at 1630 Metropolitan Parkway, SW, Atlanta, Georgia 30310.

15. At all relevant times, Defendant Lauretta Hannon was in the employ of Defendant "AMSC" whose location is at 1630 Metropolitan Parkway, SW, Atlanta, Georgia. At all relevant times, Defendant Lauretta Hannon was the agent, employee, representative, servant of defendant "City".

16. At all relevant times, Defendant University System of Georgia (hereafter "USG") was and is a corporation organized and existing under the laws of the State of Georgia with its principal place of business located at 270 Washington St. SW, 8th Floor, Atlanta, Georgia 30334.

## FACTS COMMON TO ALL CLAIMS

1. Plaintiff Sonja Roberts is a black woman and a citizen of the United States and is a lifelong a resident of the City of Atlanta.

2. Plaintiff Sonja Roberts was born in 1975. Plaintiff Sonja Roberts was approximately 9 months pregnant at the time Defendant AMSC terminated her employment on September 25, 2019. Plaintiff Sonja Roberts gave birth to her first and only child on October 4, 2019 (9) nine days after Defendant AMSC terminated her.

3. Plaintiff was approximately 44 years old at the time Defendant AMSC terminated her.

4. Defendant AMSC hired Plaintiff Sonja Roberts in August 2017 as the Director of Communications. Plaintiff's salary was approximately $83,000.00 plus benefits.

5. On October 29, 2018, Plaintiff filed a 52-point grievance with Human Resources for Defendant AMSC against Lauretta Hannon for hostile work environment and harassment. Defendant AMSC pursuant to personnel policy notified Defendant Hannon in writing of Plaintiff's grievance and requested a written response from Defendant Hannon. Defendant Hannon submitted a written response to Plaintiff's grievance. Human Resources Director Mitzi Williams informed Plaintiff on June 4, 2019 that a mediation would take place within the next two months but the mediation never occurred. Director Mitzi Williams informed Plaintiff that she (Mitzi Williams) along with James Altermus would speak with Defendant Lauretta Hannon to schedule a meeting for Plaintiff, Defendant Hannon and Ms. Williams to discuss Plaintiff's grievance.

6. On October 31, 2018, Plaintiff applied for FMLA because of the effects Defendant Hannon's harassment was having on her. Plaintiff was experiencing elevated blood pressure, weight gain, stress depression and anxiety.

7. In February 2019, Plaintiff was temporarily assigned to work in Admissions and Student Affairs. Plaintiff's temporary assignment was scheduled to end on June 30, 2019. Around

June 21, 2019, Plaintiff requested to continue working in admissions and Student Affairs due to her pregnancy because the work accommodated her condition.

8.  Plaintiff returned to work on January 14, 2019. On June 4, 2019 Plaintiff met with Human Resources Director Mitzi Williams and James Altermus regarding Plaintiff's grievance about Defendant Hannon's harassment and bullying. HR Director Williams and Mr. Altermus told Plaintiff that she was not in a protected class but that they did find conflict and that a mediation would be the next step of the grievance process. Defendant Hannon's bullying and harassment of Plaintiff continued.

9.  On June 21, 2019, Plaintiff informed Human Resources Director Williams of her pregnancy, her due date and high-risk status. Plaintiff submitted a formal pregnancy accommodation to Director Williams requesting reassignment during her pregnancy to the supervision of Kimberly Grimes-Solomon who Plaintiff had been reporting to during her temporary assignment and have work duties that fit within a 40-hour work week. The accommodation request was based on the following factors; 1) Plaintiff was over the age of 40 2) Defendant Lauretta Hannon's bullying and harassment had not stopped 3) Plaintiff's unborn child's life was being endangered because of the effects of the harassment and both Dr. Solomon and Defendant Hannon wanted Plaintiff to do both jobs simultaneously.

10. The Director of Human Resources Mitzi Williams informed Plaintiff that her request was denied on or about July 1, 2019. Plaintiff experienced an anxiety attack on July 1, 2019 and July 2, 2019. Plaintiff was placed on anti-depressants and given anxiety medication. The medications increased the likelihood of low birth weight and early delivery.

11. Plaintiff returned to her position as Director of Communications on July 8, 2019. On July 8, 2019, Plaintiff informed Defendant Hannon that she (Plaintiff) was pregnant. Plaintiff explained to Defendant Hannon that her health and her unborn child's health were her priorities. Defendant Hannon slid a printout of the enrollment management plan across the table to Plaintiff and said that the enrollment management plan is the top priority.

12. On July 10, 2019 Plaintiff's doctor removed Plaintiff from work because of complications with her pregnancy. As a result, Plaintiff was placed on Family Medical Leave for a couple of weeks.

13. On July 22, 2019, Plaintiff's doctor returned Plaintiff to work in intermittent FMLA working only three (3) days a week because of the continued stress that Plaintiff was enduring.

14. On July 25, 2019, Plaintiff's supervisor, Lauretta Hanon, placed Plaintiff on a performance improvement plan for sixty (60) days and gave Plaintiff an unsatisfactory performance review from 2018. Prior to July 25, 2019, Plaintiff had not been given any formal personnel notification of any alleged unsatisfactory performance that warranted a professional improvement plan. Defendant Hannon did not request Plaintiff's previously prepared self-evaluation nor was it used in the performance evaluation given by Defendant Hannon. Upon information and belief, the performance plan was highly subjective and rarely discussed Plaintiff's actual job performance as related to her actual job duties and responsibilities. Plaintiff asked that the PIP be extended to 90 days since she (Plaintiff) only came in 3 days a week.

15. During Plaintiff's FMLA accommodation, Plaintiff was limited to 24 hours of work but Defendants AMSC and Hannon still required Plaintiff to be responsible for 40 hours of work and when Plaintiff was unable to complete 40 hours because of her FMLA, Defendants AMSC and Hannon used this against Plaintiff as a pretext for terminating her.

16. In August 2019, Plaintiff requested a modified work schedule due to the complications of her pregnancy. Plaintiff's doctor submitted the accommodation request forms to Human Resources. However, Defendant AMSC denied Plaintiff's accommodation request.

17. On August 25, 2019, Plaintiff's request to extend the PIP time was denied.

18. On September 25, 2019, Defendant AMSC terminated Plaintiff.

19. On October 4, 2019, Plaintiff gave birth to her son three (3) weeks early.

20. On October 16, 2019, Plaintiff filed a formal grievance for wrongful termination.

6

21. From the period after October 16, 2019 to December 2019, Plaintiff received three (3) e-mails and one phone call from James Altermus letting Plaintiff know that she would be receiving information regarding the hearing process and the date and time for a hearing. To date, Plaintiff has never received any hearing which she was entitled to under Defendant University System of Georgia policy.

22. Defendant University System of Georgia did not afford Plaintiff the opportunity to be heard on her grievance regarding her termination.

23. Plaintiff maintains that she was meeting her employment expectations throughout her employment with Defendant AMSC.

24. Upon information and belief, Defendant Lauretta Hannon is an author of an autobiography entitled "The Cracker Queen, A memoir of a Jagged, Joyful Life". Plaintiff contends that cracker is a contemptuous term used to refer to a white person in the South, especially a poor white living in some rural parts of the southeastern U.S. and that for her supervisor, Defendant Hannon, to publicly describe herself as such a person give the appearance that Defendant Hannon harbors a racial bias.

25. Plaintiff Sonja Roberts alleges that Defendants AMSC, Lauretta Hannon, the Human Resource Department of Defendant AMSC, John (or Jane) Does 1-10, all of whose true names are unknown (collectively, "Defendants"), aided and abetted in unlawfully discriminating and retaliating against Plaintiff on the basis of her age, gender/sex, disability, and race

26. Plaintiff further alleges that Defendants' policies, practices, and decisions had a disparate impact upon her.

27. Plaintiff seek injunctive and declaratory relief, compensatory damages, punitive damages, liquidated damages, and reasonable attorneys' fees and costs as remedies for Defendants' violations of her rights.

28. Plaintiff timely filed charges of discrimination with the United States Equal Employment Opportunity Commission ("EEOC") on or about November 7, 2019.

29. The EEOC issued a Notice of Right to Sue letter to Plaintiff on September 11, 2020.

30. Plaintiff has timely filed this action and have complied with all administrative prerequisites to bring this lawsuit.


## COUNT ONE

(VIOLATION of AGE DISCRIMINATION in EMPLOYMENT ACT 29 U.S.C. §§ 621-634)


1. Plaintiff refers to the allegations set forth in the Facts Common to All Claims and Count One and by such reference repleads and incorporates them as though fully set forth herein.

2. Defendants' conduct as alleged in this complaint constitutes an unlawful employment practice, disparate treatment, hostile work environment based on age in violation of the Age Discrimination in Employment Act, 29 U.S.C. sections 621-634

3. In addition to its direct liability, the Defendant AMSC is also vicariously responsible for the actions of Lauretta Hannon, its agents or employees, by way of the doctrine of respondeat superior.

4. Plaintiff was over the age of 40 at the time of her termination. Plaintiff has reason to believe that she was replaced by a younger employee.

5. As a direct, foreseeable and proximate result of defendants' discriminatory acts, Plaintiff has suffered and continues to suffer substantial losses in earnings and benefits, and has

8

suffered and continues to suffer humiliation, embarrassment, mental and emotional distress, discomfort, pain and suffering

## COUNT TWO

RETALIATION in VIOLATION of TITLE VII of the CIVIL RIGHTS ACT OF 1964. 42 U.S.C. §. 2000e- (a)

1. Plaintiff refers to the allegations set forth in the Facts Common to All Claims and Count One and by such reference repleads and incorporates them as though fully set forth herein.

2. Section 704(a) of Title VII of the Civil Rights Act of 1964, as amended, prohibits employers from discriminating against an employee "because she has opposed any practice made an unlawful employment practice by this subchapter." 42 U.S.C. § 2000e-3(a).

3. Plaintiffs made informal and formal complaints to Defendants AMSC, its Human Resources Department and to Defendant Hannon and Defendant AMSC' agents and employees opposing Defendants' unlawful, discriminatory employment practices.

4. Title VII of the Civil Rights Act of 1964 prohibit employers from retaliating against employees for engaging in protected activity. Plaintiff complained of Defendant Hannon's harassment and bullying conduct to Defendant AMSC Human Resources and Defendant AMSC communicated Plaintiff's complaints to Defendant Hannon.

5. Defendants' adverse actions constituted retaliatory workplace harassment and disparate treatment which Plaintiff contends were causally connected to her complaints.

6. Defendants' retaliatory actions were sufficient to deter a reasonable person from engaging in protected activity under Title VII.

7. As a direct, legal and proximate result of Defendants' retaliation, Plaintiffs have sustained, and will continue to sustain, economic and emotional injuries, resulting in damages.

COUNT THREE

(VIOLATION of 42 U.S.C. sections, 1983 and 1985)

1. Plaintiff refers to the allegations set forth in the Facts Common to All Claims and Counts One, and Two by such reference repleads and incorporates them as though fully set forth herein.

2. Plaintiff repeats the aforementioned allegations as though fully set forth herein.

3. By the defendants' actions as foresaid and acting with deliberate indifference to Plaintiff's constitutional rights, the defendants violated Plaintiff's rights including but not limited to his right to Due Process under the Fourteenth Amendments to the United States Constitution,  42, U..S.C. sections 1983 and 1985 as well as her free speech and associational rights under the First Amendment to the United States Constitution, which violations were made by an official decision or decisions made under color of law by one or more individuals vested with authority, actual and/or implied, to make such decisions for a public body of the State of Georgia..

4. The Due Process Clause of the Fourteenth Amendment protects rights that are fundamental or implicit in the concept of ordered liberty in including the right to earn a livelihood free from unreasonable government interference. Plaintiff has a protected liberty interest and property right in working and earning a living.

5. Pursuant to Article 1, Section 1, paragraphs 1 of the Georgia Constitution no person shall be deprived of life, liberty or property except by due process of law.

6. Such liberty and property protection is reinforced by the University of Systems Georgia Policies. Pursuant to the University of Systems Georgia Policies"....*Upon submission of*

10

*the grievance statement, the grievant will be provided with a copy of the formal grievance policy and other documents pertaining to grievance hearing procedures. The employee shall be entitled to the procedural protections of a hearing before a Board of Review. The Board of Review hearing may take place either before or after the effective date of the personnel decision in question.* " Defendant AMSC did not afford Plaintiff the protections provided by the aforementioned USG policies by not granting her a hearing before a Board of Review.

7.  Defendant University System of Georgia did not afford Plaintiff the opportunity to be heard on her grievance regarding her termination.

8.  In addition to its direct liability, the Defendant AMSC is also vicariously responsible for the actions of Defendant Lauretta Hannon, its agents or employees, by way of the doctrine of respondeat superior.

9.  As a direct, foreseeable, and proximate result of defendants' discriminatory acts, plaintiff has suffered and continues to suffer substantial losses in earnings and job benefits and has suffered and continues to suffer humiliation, embarrassment, mental and emotional distress and discomfort.

COUNT FOUR

(VIOLATION of 42 U.S.C. §§ 1983 and 1985)

1.  Plaintiff refers to the allegations set forth in the Facts Common to All Claims and Counts One, Two and Three by such reference repleads and incorporates them as though fully set forth herein.

2.  Plaintiff repeats the aforementioned allegations as though fully set forth herein.

11

3. By the defendants' actions as foresaid and acting with deliberate indifference to Plaintiff's constitutional rights, the defendants violated Plaintiff's rights including but not limited to his right to Due Process under the Fourteenth Amendments to the United States Constitution, 42, U..S.C. sections 1983 and 1985 as well as her free speech and associational rights under the First Amendment to the United States Constitution, which violations were made by an official decision or decisions made under color of law by one or more individuals vested with authority, actual and/or implied, to make such decisions for a public body of the State of Georgia..

4. The Due Process Clause of the Fourteenth Amendment requires that states provide their employees with protected property interests in their jobs, notice of the charges against them, an explanation of the employer's evidence and a meaningful opportunity to present the employee's side before termination and an opportunity for the employees to be heard.

5. Such liberty and property protection are reinforced by the University of Systems Georgia Policies. Pursuant to the University of Systems Georgia Policies"....*Upon submission of the grievance statement, the grievant will be provided with a copy of the formal grievance policy and other documents pertaining to grievance hearing procedures. The employee shall be entitled to the procedural protections of a hearing before a Board of Review. The Board of Review hearing may take place either before or after the effective date of the personnel decision in question.*" Defendant AMSC did not afford Plaintiff the protections provided by the aforementioned USG policies by not granting her a hearing before a Board of Review. Defendant AMSC did not give Plaintiff any meaningful opportunity to be heard or respond to the termination as required by the USG policy.

12

6.  In addition to its direct liability, the Defendant AMSC is also vicariously responsible for the actions of Defendant Lauretta Hannon, its agents or employees, by way of the doctrine of respondeat superior.

7.  Defendant University System of Georgia did not afford Plaintiff the opportunity to be heard on her grievance regarding her termination thus breaching its own policy as to Plaintiff.

8.  Pursuant to Article 1, Section 1, paragraphs 1 of the Georgia Constitution no person shall be deprived of life, liberty or property except by due process of law.

9.  As a direct, foreseeable, and proximate result of defendants' discriminatory acts, plaintiff has suffered and continues to suffer substantial losses in earnings and job benefits and has suffered and continues to suffer humiliation, embarrassment, mental and emotional distress and discomfort.

COUNT FIVE

(VIOLATION OF FAMILY MEDICAL LEAVE ACT 29 U.S.C.A. § 2601)

1.  Plaintiff refers to the allegations set forth in the in the Facts Common to All Claims Counts One, Two, Three and Four above and by such reference repleads and incorporates them as though fully set forth herein.

2.  Upon information and belief, Defendant AMSC is an employer of at least 50 people.

3.  The Family Medical Leave Act('FMLA') makes it unlawful for an employer to discriminate against or retaliate against an employee who exercises her right to family care leave. 29 U.S.C. §2615(a)(1))"it shall be unlawful for any employee to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under this subchapter."); 29 U.S.C. §26159a)(2)('It shall be unlawful for any employer to discharge

or in any other manner discriminate against any individual for opposing any practice made unlawful by this subchapter.")

4.    Defendant AMSC interfered with, retaliated against, restrained and/or denied Plaintiff protection afforded under the Family Medical Leave Act. by discriminating and/or retaliating against plaintiff, by not protecting her job security because she exercised her rights under FMLA 29 U.S.C.A. section 2601, et seq.

5.    As a proximate cause of defendants' conduct, plaintiff has suffered and continues to suffer substantial losses in earnings, retirement benefits and other employee benefits that plaintiff would have received had defendants not violated plaintiff's rights under the FMLA.

6.    As a further proximate result of the above-mentioned acts, plaintiff has suffered economic losses, humiliation, mental pain and anguish.


## COUNT SIX

RETALIATION in VIOLATION of TITLE VII of the CIVIL RIGHTS ACT OF 1964. 42 U.S.C. §§ 2000e- (a)


1.    Plaintiff refers to the allegations set forth in the Facts Common to All Claims and Counts One, Two, Three, Four and Five by such reference repleads and incorporates them as though fully set forth herein.

2.    Title VII of the Civil Rights Act of 1964, prohibits discrimination against an employee because of pregnancy which is a form of sex discrimination. 42 U.S.C. § 2000e-3(a).

3.    Plaintiffs made informal and formal complaints to Defendants' agents and employees opposing Defendants' unlawful, discriminatory employment practices based on gender/sex/pregnancy.

4.    Defendants' adverse actions constituted retaliatory workplace harassment and disparate

14

treatment.

5. Defendants discriminated against Plaintiff because of her pregnancy and sex by terminating her employment because of her pregnancy and terminating her 9 days before she gave birth.

6. Defendants' retaliatory actions were sufficient to deter a reasonable person from engaging in protected activity under Title VII.

7. These actions as aforesaid constitute violations of Title VII of the Civil Rights Act of 1964 and/or the Pregnancy Discrimination Act.

8. As a direct, legal and proximate result of Defendants' retaliation, Plaintiffs have sustained, and will continue to sustain, economic and emotional injuries, resulting in damages.

## COUNT SEVEN

RETALIATION in VIOLATION of TITLE VII of the CIVIL RIGHTS ACT OF 1964. 42 U.S.C. §§ 2000e- (a)

1. Plaintiff refers to the allegations set forth in the Facts Common to All Claims and Counts One, Two, Three, Four, Five and Six by such reference repleads and incorporates them as though fully set forth herein.

2. Title VII of the Civil Rights Act of 1964, prohibits discrimination against an employee because of pregnancy which is a form of sex discrimination. 42 U.S.C. § 2000e-3(a).

3. Plaintiffs made informal and formal complaints to Defendants' agents and employees opposing Defendants' unlawful, discriminatory employment practices based on race.

4. Defendants' adverse actions constituted retaliatory workplace harassment and disparate treatment.

5. Defendants discriminated against Plaintiff because of her pregnancy and sex by terminating her employment because of her pregnancy and terminating her 9 days before she gave birth.

6. Defendants' retaliatory actions were sufficient to deter a reasonable person from engaging

in protected activity under Title VII.

7.  As a direct, legal and proximate result of Defendants' retaliation, Plaintiffs have sustained, and will continue to sustain, economic and emotional injuries, resulting in damages.

COUNT EIGHT

(VIOLATION OF THE CONSTITUTION OF GEORGIA)

1.  Plaintiff refers to the allegations set forth in the Facts Common to All Claims and Counts One, Two, Three, Four, Five, Six and Seven by such reference repleads and incorporates them as though fully set forth herein.

2. Defendants AMSC, Hannon and USG violated plaintiff's rights under the Constitution of Georgia liable in damages , proximately caused by the defendants' violation,

Where such rights include:

a)  The right to acquire, possess, and protect property;

b)  The right to equal protection of the law;

c)  The right to due process;

d)  The right not to be denied or discriminated against in any civil right;

e)  The right to pursue and obtain safety and happiness

4. Upon information and belief, Defendants Hannon, ASMC and USG were acting under color of law and deprived, interfered and/or attempted to interfere with the exercise or enjoyment by plaintiffs of any substantive due process or equal protection rights, privileges, or immunities secured by the Constitution or laws of the United States or any substantive rights, privileges, or immunities secured by the Constitution or laws of the State of Georgia right to equal protection and are liable to the plaintiff for him damages and/or for injunctive or other appropriate relief.

5. Upon information and belief, Defendants acting under color of state law willfully and

16

intentionally, knowingly deprived Plaintiff of her rights, privileges afforded to them under the Constitution of Georgia Article 1, Section 1, paragraphs 1, 2 and 5 of the Georgia Constitution.

## COUNT NINE

### (VIOLATION OF FAIR EMPLOYMENT PRACTICE ACT GA. CODE SEC. 45- 19-29 to 45-19-45)

1.    Plaintiff refers to the allegations set forth in the Facts Common to All Claims and Counts One, Two, Three, Four, Five, Six, Seven and Eight by such reference repleads and incorporates them as though fully set forth herein.

2.    Fair Employment Practices Act GA. Code Sec 45-19-20to 45-19-45 prohibits discrimination against an employee because of pregnancy which is a form of sex discrimination.

3.    Plaintiffs made informal and formal complaints to Defendants' agents and employees opposing Defendants' unlawful, discriminatory employment practices based on sex, race.

4.    Defendants' adverse actions constituted retaliatory workplace harassment and disparate treatment.

5.    Defendants discriminated against Plaintiff because of her pregnancy and sex by terminating her employment because of her pregnancy and terminating her 9 days before she gave birth.

6.    Defendants' retaliatory actions were sufficient to deter a reasonable person from engaging in protected activity.

7.    As a direct, legal and proximate result of Defendants' retaliation, Plaintiffs have sustained, and will continue to sustain, economic and emotional injuries, resulting in damages.

COUNT TEN

(VIOLATION OF FAIR EMPLOYMENT PRACTICE ACT GA. CODE SEC. 34-6A-2)

1.    Plaintiff refers to the allegations set forth in the Facts Common to All Claims and Counts One, Two, Three, Four, Five, Six, Seven, Eight, and Nine. by such reference repleads and incorporates them as though fully set forth herein.

2.    Fair Employment Practices Act GA. Code Sec 34:6A-2 prohibits discrimination against an employee because of disability.

3.    Plaintiffs made informal and formal complaints to Defendants' agents and employees opposing Defendants' unlawful, discriminatory employment practices based on disability.

4.    Defendants' adverse actions constituted retaliatory workplace harassment and disparate treatment.

5.    Defendants discriminated against Plaintiff because of her pregnancy and sex by terminating her employment because of her pregnancy and terminating her 9 days before she gave birth.

6.    Defendants' retaliatory actions were sufficient to deter a reasonable person from engaging in protected activity.

7.    As a direct, legal and proximate result of Defendants' retaliation, Plaintiffs have sustained, and will continue to sustain, economic and emotional injuries, resulting in damages.

18

## COUNT ELEVEN

## (VIOLATION OF ATLANTA CODE OF ORDINACES SEC. 94-11- ET SEQ.)

1.      Plaintiff refers to the allegations set forth in the Facts Common to All Claims and Counts One, Two, Three, Four, Five, Six, Seven, Eight, Nine and Ten by such reference repleads and incorporates them as though fully set forth herein.

2.      Atlanta Code of Ordinances Sec. 94-11- et seq. prohibits discrimination against an employee because of gender/sex, race

3.      Plaintiffs made informal and formal complaints to Defendants' agents and employees opposing Defendants' unlawful, discriminatory employment practices based on gender/sex.

4.      Defendants' adverse actions constituted retaliatory workplace harassment and disparate treatment.

5.      Defendants discriminated against Plaintiff because of her pregnancy and sex by terminating her employment because of her pregnancy and terminating her 9 days before she gave birth.

6.      Defendants' retaliatory actions were sufficient to deter a reasonable person from engaging in protected activity.

7.      As a direct, legal and proximate result of Defendants' retaliation, Plaintiffs have sustained, and will continue to sustain, economic and emotional injuries, resulting in damages.

19

COUNT TWELVE

(INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)

1. Plaintiff refers to the allegations set forth in the Facts Common to All Claims and Counts One, Two, Three, Four, Five, Six, Seven, Eight, Nine, Ten and Eleven by such reference repleads and incorporates them as though fully set forth herein.

2. Defendant Hannon has engaged in conducted in extreme an outrageous conduct that have caused Plaintiff to suffer emotional distress. Plaintiff has suffered embarrassment, stress, and mental anguish and aggravation.

3. As a further proximate result of the above-mentioned acts, plaintiff has suffered both economic and non-economic losses, lost benefits, front and back pay, humiliation, mental pain and anguish.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Sonja Roberts prays for Judgment against all Defendants, individually, jointly, severally and each of them for all aforementioned claims, for the following injunctive and monetary relief as follows:

1. An order compelling Defendants to take prompt appropriate and effective corrective measures, including those that effect all supervisors and personnel, to prevent abuse, harassment, bullying and discrimination complained of in this Complaint by any employee, agent, and/or representative toward any member of the AMSC community.

2. An order enjoining Defendants from taking retaliatory action of any type against any employees for reporting to or objecting to Defendants' improper activities, policies, and/or practices believed to be in violation of contract, law, rule, and/or regulation promulgated pursuant to law.

3. Any other prospective injunctive relief that the Court deems just and appropriate

4. For compensatory damages including but not limited to lost wages and benefits, and emotional distress  damages

5. Punitive damages

6. Pain and suffering

7. Attorney fees and costs, plus interest

8. For such other and further relief as the Court deems proper.

By: _____

Christopher C. Roberts, Esq.
Georgia Bar No. (#00973226)

Dated:  December 19, 2020

21

DEMAND FOR A JURY TRIAL

Plaintiff demands a trial by jury on all issues.

By:
Christopher C. Roberts, Esq.
Georgia Bar No. (#00973226)
7 Glenwood Avenue, Suite 401
East Orange, NJ 070107
(973)-673-0600

Dated: December 19, 2020

# Exhibit B

**IN THE SUPERIOR COURT OF FULTON COUNTY
STATE OF GEORGIA**

| | | |
|---|---|---|
| SONJA ROBERTS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION |
| | ) | |
| ATLANTA METROPOLITAN STATE COLLEGE, | ) | FILE NO. 2020-CV-343859 |
| LAURETTA HANNON, and UNIVERSITY | ) | |
| SYSTEM OF GEORGIA, | ) | |
| | ) | |
| Defendants. | | |

**NOTICE TO SUPERIOR COURT CLERK OF REMOVAL OF CIVIL ACTION**

TO:     Clerk of Court
        Superior Court of Fulton County

    **PLEASE TAKE NOTICE** that Defendants ATLANTA METROPOLITAN STATE

COLLEGE, LAURETTA HANNON, and UNIVERISTY SYSTEM OF GEORGIA, by and

through their undersigned counsel, hereby notifies the Clerk of the Superior Court of Fulton

County, Georgia that they have filed a Notice of Removal, attached as **Exhibit "1"**, removing

this action from the Superior Court of Fulton County, Georgia to the United States District Court

for the Northern District of Georgia, Atlanta Division.

    Respectfully submitted, this 4th day of February 2021.

                                        **GREGORY, DOYLE, CALHOUN
                                        & ROGERS, LLC**

                                        /s/ William P. Miles, Jr.
                                        William P. Miles, Jr.
                                        Georgia Bar No. 505828
                                        T. Owen Farist
                                        Georgia Bar No. 560550

                                        49 Atlanta Street
                                        Marietta, Georgia 30060
                                        (770) 422-1776 – telephone
                                        (678) 784-3527 – facsimile

wmiles@gdcrlaw.com
ofarist@gdcrlaw.com
*Attorneys for Defendants*

**IN THE SUPERIOR COURT OF FULTON COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| SONJA ROBERTS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION |
| | ) |
| ATLANTA METROPOLITAN STATE COLLEGE, | ) FILE NO. 2020-CV-343859 |
| LAURETTA HANNON, UNIVERSITY SYSTEM | ) |
| OF GEORGIA, | ) |
| | ) |
| Defendants. | |

## CERTIFICATE OF SERVICE

This is to certify that I electronically filed the herein *Notice of Filing of Notice of*

*Removal* with the Clerk of Court using the Odyssey electronic filing system and by mailing

Plaintiff's counsel in an envelope bearing adequate postage thereon addressed as follows:

Christopher C. Roberts, Esq.
7 Glenwood Avenue,
Suite 401
East Orange, NJ 070107

This 4th day of February 2021.

GREGORY, DOYLE, CALHOUN
& ROGERS, LLC

/s/ William P. Miles, Jr.

# Exhibit 1

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| SONJA ROBERTS, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   CIVIL ACTION |
| | ) |
| ATLANTA METROPOLITAN STATE | )   FILE NO. |
| COLLEGE, LAURETTA HANNON, and | ) |
| UNIVERSITY SYSTEM OF GEORGIA, | ) |

      Defendants.

## NOTICE OF REMOVAL

Defendants Atlanta Metropolitan State College ("Atlanta Metro"), Lauretta Hannon ("Hannon"), and University System of Georgia ("USOG") (collectively the "Defendants"), by and through their undersigned counsel and pursuant to 28 U.S.C. §§ 1441(a) and 1446, hereby file this Notice of Removal and show this Court as follows:

1.

On December 21, 2020, Plaintiff filed a lawsuit in the Superior Court of Fulton County, Georgia captioned as <u>Sonja Roberts v. Atlanta Metropolitan State College, Lauretta Hannon, University System of Georgia.</u> This lawsuit was assigned Civil Action File No. 2020-CV-343859. True and correct copies of the Complaint, as well as all other process, orders or pleadings received by the

Defendants by service or otherwise in this action are attached hereto as **Exhibit "A"** as required by 28 U.S.C. §1446(a).

2.

The United States District Court for the Northern District of Georgia, Atlanta Division, includes Fulton County.  Accordingly, removal to this Court is proper under 28 U.S.C. § 1441(a).

3.

Plaintiff's Complaint alleges violations of the Age Discrimination in Employment Act 29 U.S.C. §§621-634, Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.* ("Title VII"), 42 U.S.C. §§ 1983 and 1985, Family Medical Leave Act 29 U.S.C. § 2601, Georgia Constitution, Fair Employment Practice Act O.C.G.A. § 45-19-29 – 45-15-45, Atlanta Code Ordinances § 94-11, *et seq.*, and tort claims under common law.

4.

As a result, the United States District Court for the Northern District of Georgia, Atlanta Division, has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1441(b), and 1441(c) and other applicable laws, as this case is a civil action under the Constitution and/or laws of the United States.

2

5.

To the extent Plaintiff alleges claims under state law, this Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 because such claims are part of the same case or controversy that gives rise to Plaintiff's claims under federal law.

6.

On January 6, 2021, Plaintiff served Defendants.  As such, Defendants have timely filed their Notice of Removal within the 30-day time limit imposed by 28 U.S.C. § 1446(b).

7.

Promptly after filing this Notice of Removal, written notice of this filing will be provided to Plaintiff and a copy of this Notice of Removal will be filed with the Superior Court of Fulton County, State of Georgia.  A copy of the Notice to Plaintiff of Removal of State Court Action is attached hereto as **Exhibit "B"**. Exhibit B will be served on all adverse parties.

8.

By filing this Notice of Removal, Defendants do not waive any defense that may be available to them.

3

WHEREFORE, Defendants respectfully request this Court assume full jurisdiction of the controversy now pending between Plaintiff and Defendants in the Superior Court of Fulton County as provided by law.

Respectfully submitted, this 4th day of February 2021.

**GREGORY, DOYLE, CALHOUN & ROGERS, LLC**

/s/ William P. Miles, Jr.
William P. Miles, Jr.
Georgia Bar No. 505828
T. Owen Farist
Georgia Bar No. 560550

49 Atlanta Street
Marietta, Georgia 30060
(770) 422-1776 – telephone
(678) 784-3527 – facsimile
wmiles@gdcrlaw.com
ofarist@gdcrlaw.com
*Attorneys for Defendants*

4

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| SONJA ROBERTS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION |
| | ) |
| ATLANTA METROPOLITAN STATE | ) FILE NO. |
| COLLEGE, LAURETTA HANNON, and | ) |
| UNIVERSITY SYSTEM OF GEORGIA, | ) |

Defendants.

## CERTIFICATE OF SERVICE

I hereby certify that on this day 4th day of February 2021, I served a copy of the foregoing **NOTICE OF REMOVAL** upon all parties to this matter by depositing a true copy of same via United States mail, proper postage prepaid, addressed to Plaintiff's Counsel, as follows:

Christopher C. Roberts, Esq.
7 Glenwood Avenue,
Suite 401
East Orange, NJ 070107

This 4th day of February 2021.

GREGORY, DOYLE, CALHOUN
& ROGERS, LLC

/s/ William P. Miles, Jr.

Fulton County Superior Cour
***EFILED***T\
Date: 12/21/2020 9:32 AM
Cathelene Robinson, Clerl



# IN THE SUPERIOR COURT OF FULTON COUNTY, GEORGIA

### 136 PRYOR STREET, ROOM C-103, ATLANTA, GEORGIA 30303

## SUMMONS

Sonya Roberts

_____

**Plaintiff,**

**vs.**

Atlanta Metropolitan State College,
Louretta HANNON, University
System of Georgia

**Defendant**

) **Case**
) **No.:** 2020CV343859
)
)
)
)
)
)
)
)
)
)

TO THE ABOVE NAMED DEFENDANT(S): Atlanta Metropolitan State College

You are hereby summoned and required to file electronically with the Clerk of said Court at
https://efilega.tylerhost.net/ofsweb and serve upon plaintiff's attorney, whose name and address is:

Christopher C. Roberts, Esq.
7 Glenwood Ave. Ste, 401
East Orange, New Jersey 07017

An answer to the complaint which is herewith served upon you, within 30 days after service of this
summons upon you, exclusive of the day of service; unless proof of service of this complaint is not filed
within five (5) business days of such service. Then time to answer shall not commence until such proof
of service has been filed. **IF YOU FAIL TO DO SO, JUDGMENT BY DEFAULT WILL BE TAKEN AGAINST YOU
FOR THE RELIEF DEMANDED IN THE COMPLAINT.**

This  12/21/2020  _____ day of _____, 20 _____

Honorable Cathelene "Tina" Robinson
Clerk of Superior Court
By _____
Deputy Clerk

To defendant upon whom this petition is served:
This copy of complaint and summons was served upon you _____, 20_____

_____
Deputy Sherriff

Instructions: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum is used



# IN THE SUPERIOR COURT OF FULTON COUNTY, GEORGIA
### 136 PRYOR STREET, ROOM C-103, ATLANTA, GEORGIA 30303
### SUMMONS

Sonja Roberts

_____

) Case
) No.:_____

**Plaintiff,**

**vs.**

Atlanta Metropolitan State College,
Louretta Hannon, University
System of Georgia

**Defendant**

)
)
)
)
)
)
)
)
)
)
)
)

TO THE ABOVE NAMED DEFENDANT(S): University System of Georgia

You are hereby summoned and required to file electronically with the Clerk of said Court at https://efilega.tylerhost.net/ofsweb and serve upon plaintiff's attorney, whose name and address is:

Christopher C. Roberts, Esq.
7 Glenwood Ave. Ste. 401
East Orange, New Jersey 07017

An answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service; unless proof of service of this complaint is not filed within five (5) business days of such service. Then time to answer shall not commence until such proof of service has been filed. **IF YOU FAIL TO DO SO, JUDGMENT BY DEFAULT WILL BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.**

This _____ day of _____, 20 _____

Honorable Cathelene "Tina" Robinson
Clerk of Superior Court
By_____
　　　　　　　　Deputy Clerk

To defendant upon whom this petition is served:
This copy of complaint and summons was served upon you _____, 20_____

_____
　　　　　　　　Deputy Sherriff

Instructions: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum is used

# IN THE SUPERIOR COURT OF FULTON COUNTY, GEORGIA
### 136 PRYOR STREET, ROOM C-103, ATLANTA, GEORGIA 30303
### SUMMONS

Sonja Roberts

_____ ) Case
) No.:_____
)
)
**Plaintiff,** )
)
vs. )
)
Atlanta Metropolitan State College, )
Lauretta Hannon, University )
System of Georgia **Defendant** )
)
)
)
)

TO THE ABOVE NAMED DEFENDANT(S): Lauretta Hannon

You are hereby summoned and required to file electronically with the Clerk of said Court at
https://efilega.tylerhost.net/ofsweb and serve upon plaintiff's attorney, whose name and address is:

Christopher C. Roberts, Esq.
7 Glenwood Ave. Ste. 401
East Orange, New Jersey 07017

An answer to the complaint which is herewith served upon you, within 30 days after service of this
summons upon you, exclusive of the day of service; unless proof of service of this complaint is not filed
within five (5) business days of such service. Then time to answer shall not commence until such proof
of service has been filed. **IF YOU FAIL TO DO SO, JUDGMENT BY DEFAULT WILL BE TAKEN AGAINST YOU
FOR THE RELIEF DEMANDED IN THE COMPLAINT.**

This _____ day of _____, 20 _____

Honorable Cathelene "Tina" Robinson
Clerk of Superior Court
By_____
Deputy Clerk

To defendant upon whom this petition is served:
This copy of complaint and summons was served upon you _____, 20_____

_____
Deputy Sherriff

Instructions: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum is used

Case 1:21-cv-00541-SDG    Document 1-1    Filed 02/05/21    Page 76 of 99

**efilingmail@tylerhost.net**                                    12/23/2020 10:49 AM

# Filing Accepted for Case: 2020CV343859; Sonja RobertsVS.Atlanta Metropolitan State College,Lauretta Hannon,University System of Georgia; Envelope Number: 6693930

To chrisr1969@comcast.net



**Filing Accepted**
Envelope Number: 6693930
Case Number: 2020CV343859
Case Style: Sonja Roberts
VS.
Atlanta Metropolitan State College,Lauretta
Hannon,University System of Georgia

The filing below was reviewed and has been accepted by the clerk's office. You may access the file stamped copy of the document filed by clicking on the below link.

| Filing Details | |
|---|---|
| **Court** | Fulton - Superior Court |
| **Case Number** | 2020CV343859 |
| **Case Style** | Sonja Roberts<br>VS.<br>Atlanta Metropolitan State College,Lauretta Hannon,University System of Georgia |
| **Date/Time Submitted** | 12/21/2020 9:32 AM EST |
| **Date/Time Accepted** | 12/23/2020 10:48 AM EST |
| **Accepted Comments** | |
| **Filing Type** | SUMMONS |
| **Filing Description** | Summons |
| **Activity Requested** | EFile |
| **Filed By** | Christopher Roberts |
| **Filing Attorney** | Christopher Roberts |

| Document Details | |
|---|---|
| **Lead Document** | SRobertsDec142020Summons.PDF |
| **Lead Document Page Count** | 3 |
| **File Stamped Copy** | Download Document | |
| This link is active for 45 days. | |

**Please Note:** If you have not already done so, be sure to add yourself as a service contact on this case in order to receive eService.

For technical assistance, contact your service provider

Odyssey File & Serve

Fulton County Superior Cour[t]
***EFILED***TV
Date: 12/21/2020 9:32 AM
Cathelene Robinson, Cler[k]

## General Civil and Domestic Relations Case Filing Information Form

☒ **Superior** or ☐ **State Court of** Fulton _____ **County**

| For Clerk Use Only | | |
|---|---|---|
| **Date Filed** 12/21/2020 | **Case Number** | 2020CV343859 |
| **MM-DD-YYYY** | | |

**Plaintiff(s)**

| Roberts | Sonja | | | |
|---|---|---|---|---|
| Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix |

**Defendant(s)**

| Atlanta | Metropolitan | State | College | |
|---|---|---|---|---|
| Last | First | Middle I. | Suffix | Prefix |
| Lauretta | Hannon | | | |
| Last | First | Middle I. | Suffix | Prefix |
| University | System of | Georgia | | |
| Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix |

**Plaintiff's Attorney** Christopher C. Roberts    **State Bar Number** 973226    **Self-Represented** ☐

### Check one case type and one sub-type in the same box (if a sub-type applies):

**General Civil Cases**

- ☐ Automobile Tort
- ☐ Civil Appeal
- ☐ Contempt/Modification/Other Post-Judgment
- ☐ Contract
- ☐ Garnishment
- ☐ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☒ Other General Civil

**Domestic Relations Cases**

- ☐ Adoption
- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Dissolution/Divorce/Separate Maintenance/Alimony
- ☐ Family Violence Petition
- ☐ Modification
  - ☐ Custody/Parenting Time/Visitation
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

☐ Check if the action is related to another action pending or previously pending in this court involving some or all of the same: parties, subject matter, or factual issues. If so, provide a case number for each.

_____ **Case Number**    _____ **Case Number**

☒ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in OCGA § 9-11-7.1.

☐ Is a foreign language or sign-language interpreter needed in this case? If so, provide the language(s) required.

_____ **Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

Version 1.1.20

Fulton County Superior Cour
***EFILED***T\
Date: 12/21/2020 9:32 AM
Cathelene Robinson, Clerl

Christopher C. Roberts (#00973226)
Attorney at Law
7 Glenwood Avenue, Suite 401
East Orange, New Jersey
(973)-673-0600
Attorneys for Plaintiff

IN THE SUPERIOR COURT OF FULTON COUNTY
STATE OF GEORGIA

_____

Sonja Roberts,
                    Plaintiff                          Civil Action File No. 2020CV343859

          v.

                                                       COMPLAINT AND JURY DEMAND

Atlanta Metropolitan State College,
Lauretta Hannon, University System of
Georgia,

                    Defendants.
_____

          Plaintiff  Sonja Roberts residing in the City of Atlanta, County of Fulton, State of Georgia,

complaining of Defendant Atlanta Metropolitan State College located at 1630 Metropolitan

Parkway, SW, Atlanta, Georgia 30310 and its employee, agent, Defendant Lauretta Hannon

alleges as follows:

JURISDICTION AND VENUE

1. This civil action arises under Article 1, Section 1, paragraphs 1, 2 and 5 of the Georgia
   Constitution.

2. This civil action arises under Georgia Age Discrimination Act GA Code Sec. 34-1.2.

3. This civil action arises under Georgia Equal Employment for Persons with Disabilities GA

1

Code Sec 34- 6A-2

4. This civil action arises under Georgia Fair Employment Practices Act Ga Code Sec. 45-19-20.

5. This action arises under the United States Constitution particularly the First and Fourteenth Amendment and under federal law particularly 28 U.S.C. §§2201, 2202; 42 U.S.C. § § 1983 and 1988.

6. This action is brought under Title VII of the Civil Rights Act, 42 U.S.C. §§2000e et seq., for employment discrimination on the basis of race, pregnancy/gender and retaliation for exercising rights under this statute.

7. This action is brought under Age Discrimination in Employment Act of 1969, 29 U.S.C. §§ 621, et seq. for employment against persons age 40 and over, or retaliation for exercising rights under statute.

8. This action is brought under the Family Medical Leave Act , FMLA 29 U.S.C.A. §§2601, et seq., on the basis of being denied an accommodation or retaliation for exercising rights under statute.

9. This Court has original jurisdiction over Plaintiff's federal claims by operations of 28 U.S.C. §§ 1331 and 1343.

10. This Court has authority to issue the requested declaratory relief under 28 U.S.C. § 2201.

11. This Court has authority to issue the requested injunctive relief under FED. R. CIV. P. 65 and U.S.C. §1343(3).

12. This Court has authority to award the requested damages under 28 U.S.C. §1343(3).

13. This Court has authority to award attorneys' fees under 42 U.S.C. §1988.

Venue is proper in this county. The acts, conduct and transactions complained of herein occurred in substantial part in this county. Defendant Atlanta Metropolitan State College is located here. Many of the relevant witnesses reside in this county and Defendant conduct substantial business/professional activity in this county.

## PARTIES

14. At all relevant times, Defendant Atlanta Metropolitan State College (hereafter "AMSC") was and is a corporation organized and existing under the laws of the State of Georgia with its principal place of business located at 1630 Metropolitan Parkway, SW, Atlanta, Georgia 30310.

15. At all relevant times, Defendant Lauretta Hannon was in the employ of Defendant "AMSC" whose location is at 1630 Metropolitan Parkway, SW, Atlanta, Georgia. At all relevant times, Defendant Lauretta Hannon was the agent, employee, representative, servant of defendant "City".

16. At all relevant times, Defendant University System of Georgia (hereafter "USG") was and is a corporation organized and existing under the laws of the State of Georgia with its principal place of business located at 270 Washington St. SW, 8th Floor, Atlanta, Georgia 30334.

## FACTS COMMON TO ALL CLAIMS

1. Plaintiff Sonja Roberts is a black woman and a citizen of the United States and is a lifelong a resident of the City of Atlanta.

2. Plaintiff Sonja Roberts was born in 1975. Plaintiff Sonja Roberts was approximately 9 months pregnant at the time Defendant AMSC terminated her employment on September 25, 2019. Plaintiff Sonja Roberts gave birth to her first and only child on October 4, 2019 (9) nine days after Defendant AMSC terminated her.

3. Plaintiff was approximately 44 years old at the time Defendant AMSC terminated her.

4. Defendant AMSC hired Plaintiff Sonja Roberts in August 2017 as the Director of Communications. Plaintiff's salary was approximately $83,000.00 plus benefits.

5. On October 29, 2018, Plaintiff filed a 52-point grievance with Human Resources for Defendant AMSC against Lauretta Hannon for hostile work environment and harassment. Defendant AMSC pursuant to personnel policy notified Defendant Hannon in writing of Plaintiff's grievance and requested a written response from Defendant Hannon. Defendant Hannon submitted a written response to Plaintiff's grievance. Human Resources Director Mitzi Williams informed Plaintiff on June 4, 2019 that a mediation would take place within the next two months but the mediation never occurred. Director Mitzi Williams informed Plaintiff that she (Mitzi Williams) along with James Altermus would speak with Defendant Lauretta Hannon to schedule a meeting for Plaintiff, Defendant Hannon and Ms. Williams to discuss Plaintiff's grievance.

6. On October 31, 2018, Plaintiff applied for FMLA because of the effects Defendant Hannon's harassment was having on her. Plaintiff was experiencing elevated blood pressure, weight gain, stress depression and anxiety.

7. In February 2019, Plaintiff was temporarily assigned to work in Admissions and Student Affairs. Plaintiff's temporary assignment was scheduled to end on June 30, 2019. Around

June 21, 2019, Plaintiff requested to continue working in admissions and Student Affairs due to her pregnancy because the work accommodated her condition.

8. Plaintiff returned to work on January 14, 2019. On June 4, 2019 Plaintiff met with Human Resources Director Mitzi Williams and James Altermus regarding Plaintiff's grievance about Defendant Hannon's harassment and bullying. HR Director Williams and Mr. Altermus told Plaintiff that she was not in a protected class but that they did find conflict and that a mediation would be the next step of the grievance process. Defendant Hannon's bullying and harassment of Plaintiff continued.

9. On June 21, 2019, Plaintiff informed Human Resources Director Williams of her pregnancy, her due date and high-risk status. Plaintiff submitted a formal pregnancy accommodation to Director Williams requesting reassignment during her pregnancy to the supervision of Kimberly Grimes-Solomon who Plaintiff had been reporting to during her temporary assignment and have work duties that fit within a 40-hour work week. The accommodation request was based on the following factors; 1) Plaintiff was over the age of 40 2) Defendant Lauretta Hannon's bullying and harassment had not stopped 3) Plaintiff's unborn child's life was being endangered because of the effects of the harassment and both Dr. Solomon and Defendant Hannon wanted Plaintiff to do both jobs simultaneously.

10. The Director of Human Resources Mitzi Williams informed Plaintiff that her request was denied on or about July 1, 2019. Plaintiff experienced an anxiety attack on July 1, 2019 and July 2, 2019. Plaintiff was placed on anti-depressants and given anxiety medication. The medications increased the likelihood of low birth weight and early delivery.

11. Plaintiff returned to her position as Director of Communications on July 8, 2019. On July 8, 2019, Plaintiff informed Defendant Hannon that she (Plaintiff) was pregnant. Plaintiff explained to Defendant Hannon that her health and her unborn child's health were her priorities. Defendant Hannon slid a printout of the enrollment management plan across the table to Plaintiff and said that the enrollment management plan is the top priority.

12. On July 10, 2019 Plaintiff's doctor removed Plaintiff from work because of complications with her pregnancy. As a result, Plaintiff was placed on Family Medical Leave for a couple of weeks.

13. On July 22, 2019, Plaintiff's doctor returned Plaintiff to work in intermittent FMLA working only three (3) days a week because of the continued stress that Plaintiff was enduring.

14. On July 25, 2019, Plaintiff's supervisor, Lauretta Hanon, placed Plaintiff on a performance improvement plan for sixty (60) days and gave Plaintiff an unsatisfactory performance review from 2018. Prior to July 25, 2019, Plaintiff had not been given any formal personnel notification of any alleged unsatisfactory performance that warranted a professional improvement plan. Defendant Hannon did not request Plaintiff's previously prepared self-evaluation nor was it used in the performance evaluation given by Defendant Hannon. Upon information and belief, the performance plan was highly subjective and rarely discussed Plaintiff's actual job performance as related to her actual job duties and responsibilities. Plaintiff asked that the PIP be extended to 90 days since she (Plaintiff) only came in 3 days a week.

15. During Plaintiff's FMLA accommodation, Plaintiff was limited to 24 hours of work but Defendants AMSC and Hannon still required Plaintiff to be responsible for 40 hours of work and when Plaintiff was unable to complete 40 hours because of her FMLA, Defendants AMSC and Hannon used this against Plaintiff as a pretext for terminating her.

16. In August 2019, Plaintiff requested a modified work schedule due to the complications of her pregnancy. Plaintiff's doctor submitted the accommodation request forms to Human Resources. However, Defendant AMSC denied Plaintiff's accommodation request.

17. On August 25, 2019, Plaintiff's request to extend the PIP time was denied.

18. On September 25, 2019, Defendant AMSC terminated Plaintiff.

19. On October 4, 2019, Plaintiff gave birth to her son three (3) weeks early.

20. On October 16, 2019, Plaintiff filed a formal grievance for wrongful termination.

6

21. From the period after October 16, 2019 to December 2019, Plaintiff received three (3) e-mails and one phone call from James Altermus letting Plaintiff know that she would be receiving information regarding the hearing process and the date and time for a hearing. To date, Plaintiff has never received any hearing which she was entitled to under Defendant University System of Georgia policy.

22. Defendant University System of Georgia did not afford Plaintiff the opportunity to be heard on her grievance regarding her termination.

23. Plaintiff maintains that she was meeting her employment expectations throughout her employment with Defendant AMSC.

24. Upon information and belief, Defendant Lauretta Hannon is an author of an autobiography entitled "The Cracker Queen, A memoir of a Jagged, Joyful Life". Plaintiff contends that cracker is a contemptuous term used to refer to a white person in the South, especially a poor white living in some rural parts of the southeastern U.S. and that for her supervisor, Defendant Hannon, to publicly describe herself as such a person give the appearance that Defendant Hannon harbors a racial bias.

25. Plaintiff Sonja Roberts alleges that Defendants AMSC, Lauretta Hannon, the Human Resource Department of Defendant AMSC, John (or Jane) Does 1-10, all of whose true names are unknown (collectively, "Defendants"), aided and abetted in unlawfully discriminating and retaliating against Plaintiff on the basis of her age, gender/sex, disability, and race

26. Plaintiff further alleges that Defendants' policies, practices, and decisions had a disparate impact upon her.

27. Plaintiff seek injunctive and declaratory relief, compensatory damages, punitive damages, liquidated damages, and reasonable attorneys' fees and costs as remedies for Defendants' violations of her rights.

28. Plaintiff timely filed charges of discrimination with the United States Equal Employment Opportunity Commission ("EEOC") on or about November 7, 2019.

29. The EEOC issued a Notice of Right to Sue letter to Plaintiff on September 11, 2020.

30. Plaintiff has timely filed this action and have complied with all administrative prerequisites to bring this lawsuit.

## COUNT ONE

(VIOLATION of AGE DISCRIMINATION in EMPLOYMENT ACT 29 U.S.C. §§ 621-634)

1. Plaintiff refers to the allegations set forth in the Facts Common to All Claims and Count One and by such reference repleads and incorporates them as though fully set forth herein.

2. Defendants' conduct as alleged in this complaint constitutes an unlawful employment practice, disparate treatment, hostile work environment based on age in violation of the Age Discrimination in Employment Act, 29 U.S.C. sections 621-634

3. In addition to its direct liability, the Defendant AMSC is also vicariously responsible for the actions of Lauretta Hannon, its agents or employees, by way of the doctrine of respondeat superior.

4. Plaintiff was over the age of 40 at the time of her termination. Plaintiff has reason to believe that she was replaced by a younger employee.

5. As a direct, foreseeable and proximate result of defendants' discriminatory acts, Plaintiff has suffered and continues to suffer substantial losses in earnings and benefits, and has

8

suffered and continues to suffer humiliation, embarrassment, mental and emotional distress, discomfort, pain and suffering

## COUNT TWO

RETALIATION in VIOLATION of TITLE VII of the CIVIL RIGHTS ACT OF 1964. 42 U.S.C. §. 2000e- (a)

1. Plaintiff refers to the allegations set forth in the Facts Common to All Claims and Count One and by such reference repleads and incorporates them as though fully set forth herein.

2. Section 704(a) of Title VII of the Civil Rights Act of 1964, as amended, prohibits employers from discriminating against an employee "because she has opposed any practice made an unlawful employment practice by this subchapter." 42 U.S.C. § 2000e-3(a).

3. Plaintiffs made informal and formal complaints to Defendants AMSC, its Human Resources Department and to Defendant Hannon and Defendant AMSC' agents and employees opposing Defendants' unlawful, discriminatory employment practices.

4. Title VII of the Civil Rights Act of 1964 prohibit employers from retaliating against employees for engaging in protected activity. Plaintiff complained of Defendant Hannon's harassment and bullying conduct to Defendant AMSC Human Resources and Defendant AMSC communicated Plaintiff's complaints to Defendant Hannon.

5. Defendants' adverse actions constituted retaliatory workplace harassment and disparate treatment which Plaintiff contends were causally connected to her complaints.

6. Defendants' retaliatory actions were sufficient to deter a reasonable person from engaging in protected activity under Title VII.

7. As a direct, legal and proximate result of Defendants' retaliation, Plaintiffs have sustained, and will continue to sustain, economic and emotional injuries, resulting in damages.

## COUNT THREE

## (VIOLATION of 42 U.S.C. sections, 1983 and 1985)

1. Plaintiff refers to the allegations set forth in the Facts Common to All Claims and Counts One, and Two by such reference repleads and incorporates them as though fully set forth herein.

2. Plaintiff repeats the aforementioned allegations as though fully set forth herein.

3. By the defendants' actions as foresaid and acting with deliberate indifference to Plaintiff's constitutional rights, the defendants violated Plaintiff's rights including but not limited to his right to Due Process under the Fourteenth Amendments to the United States Constitution, 42, U..S.C. sections 1983 and 1985 as well as her free speech and associational rights under the First Amendment to the United States Constitution, which violations were made by an official decision or decisions made under color of law by one or more individuals vested with authority, actual and/or implied, to make such decisions for a public body of the State of Georgia..

4. The Due Process Clause of the Fourteenth Amendment protects rights that are fundamental or implicit in the concept of ordered liberty in including the right to earn a livelihood free from unreasonable government interference. Plaintiff has a protected liberty interest and property right in working and earning a living.

5. Pursuant to Article 1, Section 1, paragraphs 1 of the Georgia Constitution no person shall be deprived of life, liberty or property except by due process of law.

6. Such liberty and property protection is reinforced by the University of Systems Georgia Policies. Pursuant to the University of Systems Georgia Policies"....*Upon submission of*

*the grievance statement, the grievant will be provided with a copy of the formal grievance policy and other documents pertaining to grievance hearing procedures. The employee shall be entitled to the procedural protections of a hearing before a Board of Review. The Board of Review hearing may take place either before or after the effective date of the personnel decision in question.* " Defendant AMSC did not afford Plaintiff the protections provided by the aforementioned USG policies by not granting her a hearing before a Board of Review.

7. Defendant University System of Georgia did not afford Plaintiff the opportunity to be heard on her grievance regarding her termination.

8. In addition to its direct liability, the Defendant AMSC is also vicariously responsible for the actions of Defendant Lauretta Hannon, its agents or employees, by way of the doctrine of respondeat superior.

9. As a direct, foreseeable, and proximate result of defendants' discriminatory acts, plaintiff has suffered and continues to suffer substantial losses in earnings and job benefits and has suffered and continues to suffer humiliation, embarrassment, mental and emotional distress and discomfort.

COUNT FOUR

(VIOLATION of 42 U.S.C. §§ 1983 and 1985)

1. Plaintiff refers to the allegations set forth in the Facts Common to All Claims and Counts One, Two and Three by such reference repleads and incorporates them as though fully set forth herein.

2. Plaintiff repeats the aforementioned allegations as though fully set forth herein.

11

3. By the defendants' actions as foresaid and acting with deliberate indifference to Plaintiff's constitutional rights, the defendants violated Plaintiff's rights including but not limited to his right to Due Process under the Fourteenth Amendments to the United States Constitution,  42, U..S.C. sections 1983 and 1985 as well as her free speech and associational rights under the First Amendment to the United States Constitution, which violations were made by an official decision or decisions made under color of law by one or more individuals vested with authority, actual and/or implied, to make such decisions for a public body of the State of Georgia..

4. The Due Process Clause of the Fourteenth Amendment requires that states provide their employees with protected property interests in their jobs, notice of the charges against them, an explanation of the employer's evidence and a meaningful opportunity to present the employee's side before termination and an opportunity for the employees to be heard.

5. Such liberty and property protection are reinforced by the University of Systems Georgia Policies. Pursuant to the University of Systems Georgia Policies"....*Upon submission of the grievance statement, the grievant will be provided with a copy of the formal grievance policy and other documents pertaining to grievance hearing procedures. The employee shall be entitled to the procedural protections of a hearing before a Board of Review. The Board of Review hearing may take place either before or after the effective date of the personnel decision in question.*" Defendant AMSC did not afford Plaintiff the protections provided by the aforementioned USG policies by not granting her a hearing before a Board of Review. Defendant AMSC did not give Plaintiff any meaningful opportunity to be heard or respond to the termination as required by the USG policy.

12

6. In addition to its direct liability, the Defendant AMSC is also vicariously responsible for the actions of Defendant Lauretta Hannon, its agents or employees, by way of the doctrine of respondeat superior.

7. Defendant University System of Georgia did not afford Plaintiff the opportunity to be heard on her grievance regarding her termination thus breaching its own policy as to Plaintiff.

8. Pursuant to Article 1, Section 1, paragraphs 1 of the Georgia Constitution no person shall be deprived of life, liberty or property except by due process of law.

9. As a direct, foreseeable, and proximate result of defendants' discriminatory acts, plaintiff has suffered and continues to suffer substantial losses in earnings and job benefits and has suffered and continues to suffer humiliation, embarrassment, mental and emotional distress and discomfort.

COUNT FIVE

(VIOLATION OF FAMILY MEDICAL LEAVE ACT 29 U.S.C.A. § 2601)

1. Plaintiff refers to the allegations set forth in the in the Facts Common to All Claims Counts One, Two, Three and Four above and by such reference repleads and incorporates them as though fully set forth herein.

2. Upon information and belief, Defendant AMSC is an employer of at least 50 people.

3. The Family Medical Leave Act('FMLA') makes it unlawful for an employer to discriminate against or retaliate against an employee who exercises her right to family care leave. 29 U.S.C. §2615(a)(1))"it shall be unlawful for any employee to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under this subchapter."); 29 U.S.C. §26159a)(2)('It shall be unlawful for any employer to discharge

or in any other manner discriminate against any individual for opposing any practice made unlawful by this subchapter.")

4.     Defendant AMSC interfered with, retaliated against, restrained and/or denied Plaintiff protection afforded under the Family Medical Leave Act. by discriminating and/or retaliating against plaintiff, by not protecting her job security because she exercised her rights under FMLA 29 U.S.C.A. section 2601, et seq.

5.     As a proximate cause of defendants' conduct, plaintiff has suffered and continues to suffer substantial losses in earnings, retirement benefits and other employee benefits that plaintiff would have received had defendants not violated plaintiff's rights under the FMLA.

6.     As a further proximate result of the above-mentioned acts, plaintiff has suffered economic losses, humiliation, mental pain and anguish.


## COUNT SIX

RETALIATION in VIOLATION of TITLE VII of the CIVIL RIGHTS ACT OF 1964. 42 U.S.C. §§ 2000e- (a)


1.   Plaintiff refers to the allegations set forth in the Facts Common to All Claims and Counts One, Two, Three, Four and Five by such reference repleads and incorporates them as though fully set forth herein.

2.   Title VII of the Civil Rights Act of 1964, prohibits discrimination against an employee because of pregnancy which is a form of sex discrimination. 42 U.S.C. § 2000e-3(a).

3.   Plaintiffs made informal and formal complaints to Defendants' agents and employees opposing Defendants' unlawful, discriminatory employment practices based on gender/sex/pregnancy.

4.   Defendants' adverse actions constituted retaliatory workplace harassment and disparate

treatment.

5. Defendants discriminated against Plaintiff because of her pregnancy and sex by terminating her employment because of her pregnancy and terminating her 9 days before she gave birth.

6. Defendants' retaliatory actions were sufficient to deter a reasonable person from engaging in protected activity under Title VII.

7. These actions as aforesaid constitute violations of Title VII of the Civil Rights Act of 1964 and/or the Pregnancy Discrimination Act.

8. As a direct, legal and proximate result of Defendants' retaliation, Plaintiffs have sustained, and will continue to sustain, economic and emotional injuries, resulting in damages.

## COUNT SEVEN

RETALIATION in VIOLATION of TITLE VII of the CIVIL RIGHTS ACT OF 1964. 42 U.S.C. §§ 2000e- (a)

1. Plaintiff refers to the allegations set forth in the Facts Common to All Claims and Counts One, Two, Three, Four, Five and Six by such reference repleads and incorporates them as though fully set forth herein.

2. Title VII of the Civil Rights Act of 1964, prohibits discrimination against an employee because of pregnancy which is a form of sex discrimination. 42 U.S.C. § 2000e-3(a).

3. Plaintiffs made informal and formal complaints to Defendants' agents and employees opposing Defendants' unlawful, discriminatory employment practices based on race.

4. Defendants' adverse actions constituted retaliatory workplace harassment and disparate treatment.

5. Defendants discriminated against Plaintiff because of her pregnancy and sex by terminating her employment because of her pregnancy and terminating her 9 days before she gave birth.

6. Defendants' retaliatory actions were sufficient to deter a reasonable person from engaging

in protected activity under Title VII.

7.  As a direct, legal and proximate result of Defendants' retaliation, Plaintiffs have sustained, and will continue to sustain, economic and emotional injuries, resulting in damages.

## COUNT EIGHT

## (VIOLATION OF THE CONSTITUTION OF GEORGIA)

1.  Plaintiff refers to the allegations set forth in the Facts Common to All Claims and Counts One, Two, Three, Four, Five, Six and Seven by such reference repleads and incorporates them as though fully set forth herein.

2. Defendants AMSC, Hannon and USG violated plaintiff's rights under the Constitution of Georgia liable in damages , proximately caused by the defendants' violation,

Where such rights include:

a)  The right to acquire, possess, and protect property;

b)  The right to equal protection of the law;

c)  The right to due process;

d)  The right not to be denied or discriminated against in any civil right;

e)  The right to pursue and obtain safety and happiness

4. Upon information and belief, Defendants Hannon, ASMC and USG were acting under color of law and deprived, interfered and/or attempted to interfere with the exercise or enjoyment by plaintiffs of any substantive due process or equal protection rights, privileges, or immunities secured by the Constitution or laws of the United States or any substantive rights, privileges, or immunities secured by the Constitution or laws of the State of Georgia right to equal protection and are liable to the plaintiff for him damages and/or for injunctive or other appropriate relief.

5. Upon information and belief, Defendants acting under color of state law willfully and

16

intentionally, knowingly deprived Plaintiff of her rights, privileges afforded to them under the Constitution of Georgia Article 1, Section 1, paragraphs 1, 2 and 5 of the Georgia Constitution.

## COUNT NINE

### (VIOLATION OF FAIR EMPLOYMENT PRACTICE ACT GA. CODE SEC. 45- 19-29 to 45-19-45)

1.      Plaintiff refers to the allegations set forth in the Facts Common to All Claims and Counts One, Two, Three, Four, Five, Six, Seven and Eight by such reference repleads and incorporates them as though fully set forth herein.

2.      Fair Employment Practices Act GA. Code Sec 45-19-20to 45-19-45 prohibits discrimination against an employee because of pregnancy which is a form of sex discrimination.

3.      Plaintiffs made informal and formal complaints to Defendants' agents and employees opposing Defendants' unlawful, discriminatory employment practices based on sex, race.

4.      Defendants' adverse actions constituted retaliatory workplace harassment and disparate treatment.

5.      Defendants discriminated against Plaintiff because of her pregnancy and sex by terminating her employment because of her pregnancy and terminating her 9 days before she gave birth.

6.      Defendants' retaliatory actions were sufficient to deter a reasonable person from engaging in protected activity.

7.      As a direct, legal and proximate result of Defendants' retaliation, Plaintiffs have sustained, and will continue to sustain, economic and emotional injuries, resulting in damages.

COUNT TEN

(VIOLATION OF FAIR EMPLOYMENT PRACTICE ACT GA. CODE SEC. 34-6A-2)

1.     Plaintiff refers to the allegations set forth in the Facts Common to All Claims and Counts One, Two, Three, Four, Five, Six, Seven, Eight, and Nine. by such reference repleads and incorporates them as though fully set forth herein.

2.     Fair Employment Practices Act GA. Code Sec 34:6A-2 prohibits discrimination against an employee because of disability.

3.     Plaintiffs made informal and formal complaints to Defendants' agents and employees opposing Defendants' unlawful, discriminatory employment practices based on disability.

4.     Defendants' adverse actions constituted retaliatory workplace harassment and disparate treatment.

5.     Defendants discriminated against Plaintiff because of her pregnancy and sex by terminating her employment because of her pregnancy and terminating her 9 days before she gave birth.

6.     Defendants' retaliatory actions were sufficient to deter a reasonable person from engaging in protected activity.

7.     As a direct, legal and proximate result of Defendants' retaliation, Plaintiffs have sustained, and will continue to sustain, economic and emotional injuries, resulting in damages.

18

## COUNT ELEVEN

### (VIOLATION OF ATLANTA CODE OF ORDINACES SEC. 94-11- ET SEQ.)

1.      Plaintiff refers to the allegations set forth in the Facts Common to All Claims and Counts One, Two, Three, Four, Five, Six, Seven, Eight, Nine and Ten by such reference repleads and incorporates them as though fully set forth herein.

2.      Atlanta Code of Ordinances Sec. 94-11- et seq. prohibits discrimination against an employee because of gender/sex, race

3.      Plaintiffs made informal and formal complaints to Defendants' agents and employees opposing Defendants' unlawful, discriminatory employment practices based on gender/sex.

4.      Defendants' adverse actions constituted retaliatory workplace harassment and disparate treatment.

5.      Defendants discriminated against Plaintiff because of her pregnancy and sex by terminating her employment because of her pregnancy and terminating her 9 days before she gave birth.

6.      Defendants' retaliatory actions were sufficient to deter a reasonable person from engaging in protected activity.

7.      As a direct, legal and proximate result of Defendants' retaliation, Plaintiffs have sustained, and will continue to sustain, economic and emotional injuries, resulting in damages.

## COUNT TWELVE

### (INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)

1. Plaintiff refers to the allegations set forth in the Facts Common to All Claims and Counts One, Two, Three, Four, Five, Six, Seven, Eight, Nine, Ten and Eleven by such reference repleads and incorporates them as though fully set forth herein.

2. Defendant Hannon has engaged in conducted in extreme an outrageous conduct that have caused Plaintiff to suffer emotional distress. Plaintiff has suffered embarrassment, stress, and mental anguish and aggravation.

3. As a further proximate result of the above-mentioned acts, plaintiff has suffered both economic and non-economic losses, lost benefits, front and back pay, humiliation, mental pain and anguish.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Sonja Roberts prays for Judgment against all Defendants, individually, jointly, severally and each of them for all aforementioned claims, for the following injunctive and monetary relief as follows:

1. An order compelling Defendants to take prompt appropriate and effective corrective measures, including those that effect all supervisors and personnel, to prevent abuse, harassment, bullying and discrimination complained of in this Complaint by any employee, agent, and/or representative toward any member of the AMSC community.

2. An order enjoining Defendants from taking retaliatory action of any type against any employees for reporting to or objecting to Defendants' improper activities, policies, and/or practices believed to be in violation of contract, law, rule, and/or regulation promulgated pursuant to law.

3. Any other prospective injunctive relief that the Court deems just and appropriate

4. For compensatory damages including but not limited to lost wages and benefits, and emotional distress  damages

5.  Punitive damages

6.  Pain and suffering

7. Attorney fees and costs, plus interest

8. For such other and further relief as the Court deems proper.

By: _____
Christopher C. Roberts, Esq.
Georgia Bar No. (#00973226)

Dated:  December 19, 2020

## DEMAND FOR A JURY TRIAL

Plaintiff demands a trial by jury on all issues.

By: _____
Christopher C. Roberts, Esq.
Georgia Bar No. (#00973226)
7 Glenwood Avenue, Suite 401
East Orange, NJ 070107
(973)-673-0600

Dated:  December 19, 2020